**STATE of Iowa, Appellee,**

v.

**Clarence Raymond PETRIE, Appellant.**

**No. 91–05.**

Supreme Court of Iowa.

Dec. 24, 1991.

Linda Del Gallo, State Appellate Defender, and Brian K. Sissel, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Diann Wilder–Tomlinson, County Atty., and Peter J. Grady, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

The defendant appeals from the district court's restitution order requiring the de-

fendant to pay attorney fees and court costs after he was convicted pursuant to a guilty plea of driving while barred, an aggravated misdemeanor in violation of Iowa Code section 321.561 (1989). The defendant claims that the district court erred in directing restitution for the entire amount of court costs and attorney fees under Iowa Code section 910.2 (1989). We reverse and remand for further proceedings.

A state trooper stopped the vehicle the defendant was driving for failure to have a front license plate. A license check showed the defendant's driver's license had been suspended. The defendant was then arrested for driving while barred, and his car was impounded. An inventory search revealed marijuana inside the car. The police also found marijuana beside the car.

The defendant was charged by trial information in three separate counts with possession of a controlled substance with the intent to deliver in violation of Iowa Code section 204.401(1)(d) (1989), with being an habitual offender in violation of Iowa Code section 902.8 (1989) and with driving while barred in violation of Iowa Code section 321.561 (1989).

The defendant moved to suppress the evidence seized in part on the basis of an unlawful inventory search. In a ruling on the suppression issues, the district court determined that the inventory search was unlawful and that the evidence seized from inside the vehicle should be suppressed. The district court ruled against the defendant on the other suppression issues.

Subsequently, the defendant and the State entered into a plea agreement which included the State's dismissal of the charge of possession of a controlled substance with intent to deliver and the habitual offender count in exchange for the defendant's guilty plea on the driving while barred charge. The plea agreement made no provision for the payment of court costs and attorney fees. The district court accepted the resulting guilty plea and dismissed the other charges.

The district court sentenced the defendant to a term of imprisonment not to exceed two years and taxed the costs and court appointed attorney fees against the defendant. In a supplemental restitution order, the district court directed the defendant to pay $260.10 in court costs and $3018.42 in attorney fees, the entire amounts for the case.

The defendant filed a motion for hearing regarding the restitution order. The defendant claimed that he should not be required under Iowa Code section 910.2 to pay the entire amount of attorney fees and court costs for the case because he pleaded guilty only to one count of the trial information and the other two counts were dismissed. In its order ruling on the motion, the district court rejected the defendant's statutory claim for a reduction in the restitution but reduced the amount of attorney fees to be paid to $3000. The court concluded that the only condition in section 910.2 which applied to court-appointed attorney fees and court costs was a requirement for a guilty plea in the case and that there was no requirement to examine each count in the case. The district court stated that such treatment was similar to that received by a nonindigent defendant who paid the fees for privately retained counsel regardless of the result. The court stressed that this case did not involve a situation where the dismissed charge was frivolous.

Iowa Code section 910.2 provides, in part:

In all criminal cases except simple misdemeanors under chapter 321, in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities and, if the court so orders and to the extent that the offender is reasonably able to do so, for court costs, court-appointed attorney's fees or the expense of a public defender when applicable.

In addition, section 910.1(3) defines criminal activities permitting restitution as:

any crime for which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered and any other crime committed

after July 1, 1982 which is admitted or not contested by the offender, whether or not prosecuted. However, "criminal activities" does not include simple misdemeanors under chapter 321.

In addition, Iowa Code section 815.13 (1989) authorizes the collection of costs of a criminal prosecution from a defendant "unless the defendant is found not guilty."

■ We review the district court's restitution order for errors of law. Iowa R.App.P. 4. This court normally construes statutes on the basis of their ordinary and commonly understood meanings. *State v. Bessenecker,* 404 N.W.2d 134, 136 (Iowa 1987). This court will not search for a different meaning when the statutory language is clear. *Saadig v. State,* 387 N.W.2d 315, 319 (Iowa 1986).

■ We hold that the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan. Consequently, the district court should have limited the restitution order in this case to requiring the defendant to pay court costs and fees attributed to his conviction of driving while barred. Expenses clearly attributed to other charges such as attorney fees connected with the suppression issues should not be assessed against the defendant. Fees and costs not clearly associated with any single charge should be assessed proportionally against the defendant. Since the defendant was only convicted on one of three counts he should be required to pay only one-third of these costs.

We stress that nothing in this opinion prevents the parties to a plea agreement from making a provision covering the payment of costs and fees.

We reverse the district court's order directing the defendant to pay restitution on the entire amount of court costs and attorney fees awarded in this case. We remand this case for further proceedings to determine the appropriate amount of restitution consistent with this opinion.

REVERSED AND REMANDED.