**STATE of Iowa, Appellee,**

v.

**Christopher MOORE, Appellant.**

**No. 92–1203.**

Supreme Court of Iowa.

May 19, 1993.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Halligan Brown, Asst. Atty. Gen., Diann Wilder–Tomlinson, County Atty., and Steven Norby, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

SCHULTZ, Justice.

The issue in this appeal involves an interpretation of our criminal sentencing restitution statute, Iowa Code section 910.2 (1991). Defendant Christopher Moore, who was convicted of delivery of a controlled substance, challenges the trial court's sentencing order that requires restitution for cash payments made to defendant by state agents. The restitution order includes payments involved in charges which were subsequently dismissed. We affirm.

In a trial information, Moore was charged with three counts of delivery of a controlled substance and a count of failure to affix a drug-tax stamp. These charges stemmed from incidents of delivery of cocaine on February 22 and 27, 1991, and on March 15, 1991. The State amended the trial information to delete the first two counts of delivery of a controlled substance in order to conceal the identity of a confidential informer.

Moore pled guilty to the remaining count of delivery and to the count of failure to affix a drug-tax stamp. The State agreed to recommend concurrent sentences in exchange for Moore's guilty plea. During the sentencing hearing held on June 22, 1992, a narcotic agent testified for the State that he purchased cocaine from Moore on three occasions and stated the amount of cash he paid for each purchase. Moore did not contest the amount of payments he received and admitted his involvement in these transactions. In addition to the concurrent sentences to imprisonment, the court ordered Moore to pay restitution to the State in the amount of $1,755 for money used to make all three drug purchases, pursuant to Iowa Code section 910.2. Moore only appeals from the court's restitution order.

A sentencing court is required to order restitution under section 910.2 which provides in part:

> In all criminal cases ... in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities....

Moore argues that the court erred in ordering him to pay restitution to the State on the two counts for which he was not convicted. Moore relies on *State v. Petrie*, 478 N.W.2d 620 (Iowa 1991), to support his position that restitution is limited to crimes for which a defendant is convicted.

In *Petrie*, a defendant was charged in a trial information with counts of possession of a controlled substance with intent to deliver, being an habitual offender, and driving while barred. The trial court ruled that evidence seized in an unlawful inventory search of defendant's vehicle should be suppressed. The defendant and the State entered into a plea agreement whereby the State agreed to drop the first two charges in exchange for defendant pleading guilty to driving while barred. The trial court ordered the defendant to pay restitution for all court costs and attorney fees, including costs and fees associated with the two dismissed charges. We held that "only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan." *Id.* at 622.

The State distinguishes *Petrie* on two grounds: (1) the charges against Moore were not dismissed pursuant to a plea agreement, but in order to conceal the name of a confidential informer; and (2) Moore did not contest the two February delivery counts against him.

 The State argues that unlike the plea agreement in *Petrie*, the State made no promise to Moore that he would not suffer consequences from the first two counts. Although the plea agreement in *Petrie* made no promises concerning payment of costs and attorney fees, we said the parties were not prevented from entering such an agreement. *Id.* at 622. We believe this distinction is without merit.

 *Petrie* can be distinguished on the second ground offered by the State. In *Petrie*, there was no showing that the State was a victim of the offender's "criminal activities" as provided in section 910.2. "Criminal activities" is defined to include "any other crime committed after July 1, 1982, which is admitted or not contested by the offender, whether or not prosecuted." Iowa Code § 910.1(1) (Supp.1991). Unlike the defendant in *Petrie*, Moore did not contest the State's evidence that the narcotic agents paid him for all three illegal sales of cocaine and admitted the transactions took place. The State meets the definition of a victim, "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(4) (Supp.1991). The court's order of restitution was consistent with the statutory prescription; accordingly, we affirm.

**AFFIRMED.**