# IN THE COURT OF APPEALS OF IOWA

No. 13-1319
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NATHAN MICHAEL GOAD,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Thomas L. Koehler (plea) and Douglas S. Russell (sentencing), Judges.

Nathan Michael Goad appeals from his sentence for domestic abuse assault causing bodily injury. **SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Nicholas G. Maybanks, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., McDonald, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**POTTERFIELD, P.J.**

Nathan Michael Goad appeals from his sentence for domestic abuse assault causing bodily injury. He argues the district court erred in failing to suspend his sentence and in imposing court fees for dismissed charges. The State agrees with Goad that the district court improperly imposed the fees. We affirm the district court's decision not to suspend the sentence and reverse the imposition of the fees.

## I. Facts and proceedings.

May 28, 2013, the State charged Goad by trial information with domestic abuse assault causing bodily injury and harassment in the first degree. A no-contact order was put into place, which Goad violated. Goad agreed to plead guilty to the domestic abuse assault charge pursuant to a plea agreement. In exchange, the State agreed to dismiss the harassment charge, postpone the no-contact order violation hearing until after the sentencing date, and dismiss it if Goad did not violate the no-contact order again. The State also agreed to recommend the sentence be suspended so long as Goad did not violate the no-contact order again or otherwise incur new criminal charges.

Prior to sentencing, Goad again violated the no-contact order and incurred a new criminal charge. Goad pleaded guilty to this second no-contact order violation and was sentenced to forty-five days in jail. The court granted Goad's unresisted request for dismissal of the original no-contact order violation, assessing the costs to Goad.

A presentence investigation was conducted, and the report was provided to the court prior to sentencing. The sentencing hearing was held July 30, 2013.

The district court entered judgment against Goad for domestic abuse assault causing bodily injury. The State recommended incarceration because of Goad's behavior in violating the no-contact order. The court sentenced him to an indeterminate five-year term of incarceration. It found incarceration was appropriate because of Goad's extensive prior criminal record. The sentencing court noted it did not consider the pending charge but did consider Goad's violations of the no-contact-order. The court assessed the costs on the dismissed harassment charge to Goad. Goad appeals.

## II. Analysis.

"Our review of a sentence imposed in a criminal case is for correction of errors at law. A sentence will not be disturbed on appeal unless the defendant shows an abuse of discretion or a defect in the sentencing procedure." *State v. Kramer*, 773 N.W.2d 897, 898 (Iowa Ct. App. 2009). "We review the district court's restitution order for errors of law." *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).

### A. Imposition of incarceration.

First, Goad argues the court should have suspended his sentence instead of imposing incarceration. The court noted Goad's inability to abide by the no-contact order and his criminal history in choosing incarceration over suspended sentence. Goad argues the court should have given more weight to his efforts to stop his substance abuse, to improve his marriage, and to provide for his children. He also argues a probation officer would be able to hold him sufficiently accountable. Considering all pertinent factors, we cannot find the court

exercised its discretion "on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003).

*B. Imposition of fees for dismissed counts.*

Both the State and Goad agree the district court improperly ordered Goad to pay court costs for the harassment charge and for the dismissed contempt matter.

> We hold that the provisions of Iowa Code section 815.13 [(2011)] and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan.

*Petrie*, 478 N.W.2d at 622. We therefore find the court improperly taxed the costs of the harassment charge to Goad. Likewise, Iowa Code section 664A.7(4) (2013) reads: "A person who is convicted of or held in contempt for a violation of a protective order referred to in section 664A.2 may be ordered by the court to pay . . . court costs." We hold the court also improperly imposed fees for the dismissed contempt action.

We affirm the district court's sentence regarding Goad's conviction for domestic abuse assault causing bodily injury, but "we remand this case for further proceedings to determine the appropriate amount of restitution consistent with this opinion." *See id.*

**SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.**