# IN THE COURT OF APPEALS OF IOWA

No. 14-0007
Filed January 14, 2015

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**MICAH LEE BATES JR.,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Scott County, Paul L. Macek (plea) and Mark D. Cleve (sentencing), Judges.


          A defendant appeals his sentences on his convictions for being a felon in possession of a firearm, first-degree theft, and tampering with a witness. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


          Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee.


          Considered by Doyle, P.J., Tabor, J., and Scott, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

A defendant appeals his sentences on his convictions for being a felon in possession of a firearm, first-degree theft, and tampering with a witness. We determine the court did not abuse its discretion in imposing consecutive sentences. We reverse the portion of the sentencing order requiring the defendant to pay costs associated with charges that were dismissed. We remand to the district court for a correction of the sentencing order.

## I.    Background Facts & Proceedings

Defendant Micah Bates Jr. was charged with Count I, robbery in the first degree; Count II, conspiracy to commit a forcible felony; and Count III, being a felon in possession of a firearm. The State also claimed Bates was a habitual offender. The State asserted Bates was involved in a drug deal and brandished a loaded firearm at a person. During the trial on these charges, allegations arose that Bates had attempted to pay certain witnesses not to testify. The trial was continued.

The State amended the trial information to charge Count IV, theft in the first degree; and Count V, tampering with a witness. Bates entered into a plea agreement in which he agreed to plead guilty to Count III, being a felon in possession of a firearm as a habitual offender, in violation of Iowa Code section 724.26 (2011); Count IV, first-degree theft (without the habitual offender enhancement), in violation of section 714.2(1); and Count V, tampering with a witness, in violation of section 720.4. The State agreed Counts I and II would be dismissed. Bates entered his guilty plea in open court on November 20, 2013.

The district court accepted his pleas. The court denied Bates's pro se motion in arrest of judgment.

The sentencing hearing was held on December 20, 2013. The court sentenced Bates to a term of imprisonment not to exceed fifteen years on the charge of being a felon in possession of a firearm, ten years on the charge of first-degree theft, and two years on the charge of tampering with a witness. The court found Counts III, IV, and V constituted separate and distinct offenses, and determined the sentences would be served consecutively. Bates now appeals his sentences.

## II. Standard of Review

Our review of a district court's sentencing decision is for the correction of errors at law. *State v. Hennings*, 791 N.W.2d 828, 833 (Iowa 2010). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* There is an abuse of discretion when the court's decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008).

## III. Merits

**A.** Bates first claims the district court abused its discretion in making his sentences consecutive, rather than concurrent. He asserts Counts III and IV arose out of the same factual incident, where he wielded a firearm in the course of effectuating a theft. He also claims Count V should run concurrently to the other sentences because he had a mistaken belief he could "settle" his criminal case with the complaining witnesses, similar to a civil action.

The district court gave its reasons for consecutive sentences as follows:

The Court first determines that sentences of incarceration are appropriate on all three counts based on the factors that have been indicated already here by the Court in regards to the nature and extent of the defendant's criminal history and the offenses themselves. The Court further determines that the sentences—or excuse me, the offenses that are set forth in Counts 3, 4, and 5 constitute separate and distinct offenses, and that given the defendant's extensive criminal history, criminal conviction history and taking into account the fact that these offenses took place little more than two months after the defendant's last period of incarceration and the fact that a number of the offenses involve either crimes of violence or involved firearms, and taking that into account in connection with the existing offenses that are the subject of sentencing today, the Court determined that it is appropriate to impose consecutive sentences on Counts 3, 4, and 5.

We conclude the district court gave adequate and proper reasons for imposing consecutive sentences. The record shows Bates had a lengthy criminal history, repeatedly used firearms, committed the offenses of being a felon in possession of a firearm and first-degree theft soon after being released from incarceration, and committed the offense of tampering with a witness while on trial for the other offenses involved in this case. We determine the court did not abuse its discretion.

**B.** Bates contends the district court improperly taxed him with the costs of the charges that were dismissed. In the same order dismissing Counts I and II, the court states, "Defendant is ordered to pay all applicable court costs, surcharges, and fees as assessed by the Clerk of Court." "[W]here the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan." *State v. Petrie*, 478 N.W.2d 620, 622 (1991) (citing Iowa Code §§ 815.13, 910.2).

The State agrees a correction of the sentencing order in this case is required. We reverse the portion of the sentencing order requiring Bates to pay costs associated with Counts I and II, which were dismissed. We remand to the district court for a correction of the sentencing order.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**