# IN THE COURT OF APPEALS OF IOWA

No. 14-1220
Filed July 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRAVIS GLENN RANDALL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,

Judge.


        Travis Randall appeals the sentences imposed by the district court

following his guilty pleas. **SENTENCES AFFIRMED IN PART AND VACATED

IN PART, AND CASE REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Heather Ann

Mapes, Assistant Attorneys General, Michael J. Walton, County Attorney, and

Dion D. Trowers, Assistant County Attorney, for appellee.


        Considered by Doyle, P.J., McDonald, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DOYLE, P.J.**

Travis Randall appeals the district court's sentences following his guilty pleas to theft in the second degree, criminal mischief in the second degree, and burglary in the third degree. Randall claims the district court erred in improperly taxing him with the costs of the charges that were dismissed. We affirm Randall's sentences in part and we vacate those portions of the sentencing orders requiring him to pay costs associated with charges that were dismissed. We remand to the district court for a correction of the sentencing orders.

## I.    *Background Facts and Proceedings*

In criminal case number FECR350998, Randall was charged with four counts: (1) theft in the second degree, (2) theft in the second degree, (3) theft in the fourth degree, and (4) criminal mischief in the second degree. As part of a plea agreement, Randall pled guilty to count one, theft in the second degree in violation of Iowa Code section 714.2(2) (2011), and to count four, criminal mischief in the second degree, in violation of section 716.4. The State dismissed counts two and three. The plea agreement was silent as to payment of court costs. The court deferred sentence and judgment and placed Randall on probation. As a condition of probation, the district court ordered Randall to pay victim restitution and ordered Randall to pay "court costs and the LEI [law enforcement initiative] fee of $125." Upon revocation of his probation, deferred judgment was rescinded. In sentencing Randall, the district court ordered, among other things, that Randall "pay all applicable court costs and surcharges assessed by the clerk of court."

In criminal case number FECR359530, Randall was charged with two counts: (1) burglary in the second degree, and (2) theft in the fourth degree. As part of a plea agreement, Randall pled guilty to the lesser offense of burglary in the third degree, in violation of section 713.6A(1). The State dismissed count two. The agreement was silent as to the payment of court costs. In addition to ordering Randall to pay victim restitution, the district court ordered, among other things, that Randall "pay all applicable court costs, correctional fees and surcharges as assessed by the clerk of court."

On appeal, Randall asserts the district court entered an unauthorized and illegal sentence in ordering him to pay court costs associated with the dismissed counts.

## II.     Standard of Review

Challenges to the legality of a sentence are reviewed for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014).

## III.     Discussion

After review of Iowa Code sections 910.2 (restitution)[1] and 815.13 (payment of prosecution costs)[2] and case law, we find Randall not responsible

---

[1] Iowa Code section 910.2(1) requires:

> 1. In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, to the clerk of court for fines, penalties, surcharges, and, to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, restitution to public agencies . . . , court costs including correctional fees . . . , court-appointed attorney fees . . . , including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program . . . .

for costs associated with the dismissed charges. Randall should be taxed with only the costs for the counts on which he was convicted. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (holding "that the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan"). Also, "costs not clearly associated with any single charge should be assessed proportionally against" Randall. *See id.* ("Since the defendant was only convicted on one of three counts he should be required to pay only one-third of these costs."). The record is insufficient for us to determine the appropriate court costs for which Randall is responsible.

We affirm in part the district court's sentencing orders regarding Randall's multiple convictions, but we vacate those portions of the sentencing orders requiring Randall to pay costs associated with the dismissed counts. We remand this case for further proceedings to determine the appropriate amount of court costs for which Randall is responsible. Costs of this appeal are taxed to the State.

**SENTENCES AFFIRMED IN PART AND VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

---

[2] Iowa Code section 815.13 provides, in part, fees and costs associated with prosecuting a criminal action are "recoverable by the county or city from the defendant unless the defendant is found not guilty or the action is dismissed."