# IN THE COURT OF APPEALS OF IOWA

No. 15-0012
Filed September 10, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH EARL HUPP JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

A defendant appeals a sentencing order requiring him to pay court costs for dismissed charges. **SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Heather Ann Mapes, Assistant Attorneys General, John P. Sarcone, County Attorney, and Andrea Petrovich, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, J.**

Joseph Earl Hupp Jr. challenges the restitution portion of his sentence after pleading guilty to a felony drug offense. He argues the court improperly assigned him court costs for four charges dismissed as a part of his plea agreement. Because under the terms of the agreement—as recited at the combined plea and sentencing hearing—Hupp did not expressly accept responsibility for those restitution amounts, we remand to the district court for entry of a corrected judgment order vacating the provision requiring him to pay costs associated with the dismissed charges.

After undergoing plea discussions with the State, Hupp appeared before the district court on December 31, 2014, at 2:20 p.m., to enter a guilty plea to possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(6) (2013). The parties also asked the court to impose sentence at the same hearing.

At the opening of the plea and sentencing hearing, the prosecutor set forth the terms of the plea agreement. In exchange for Hupp's plea to possession with intent to deliver, the State agreed not to seek the habitual offender enhancement and dismissed four other counts pending against Hupp. One of the dismissed counts was for second-degree burglary. The parties also asked the court to cancel a no-contact order in the burglary case. The court engaged Hupp in a thorough plea colloquy before accepting his guilty plea. The court then imposed an indeterminate ten-year prison sentence, including a mandatory minimum one-third term.

In a written order (captioned "Plea/Sentencing Order—Felony Drug"), which was filed at 3:21 p.m., the court memorialized the plea and sentencing proceedings. The order accepted Hupp's guilty plea and provided reasons for the sentence. The order also noted the dismissal of four other charges and stated: "Pursuant to the plea agreement defendant is ordered to: 1) pay restitution if restitution is due on any of the dismissed counts/cases; and 2) pay court costs on any dismissed counts/cases." Hupp challenges the restitution and costs portion of the order on appeal.

Challenges to the legality of a sentence are reviewed for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014). The amount of restitution is part of the sentencing order and may be appealed directly. *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984). Iowa Code section 910.1(4) identifies court costs as a form of restitution, but court costs may not be assessed against a defendant for dismissed counts unless the defendant expressly agrees to that assessment as part of a plea agreement. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).

Hupp argues on appeal that the plea agreement was silent regarding his responsibility for the costs of the dismissed charges. In light of its silence, he contends the court erred in requiring him to pay court costs attributable to the dismissed charges. *Id.* (holding "the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the

charge on which a criminal defendant is convicted should be recoverable under a restitution plan").

The State agrees the trial prosecutor did not discuss court costs when reciting the plea agreement at the hearing, but contends the court's written order regarding the plea and sentencing was a "hybrid document that contained the plea agreement as well as the sentencing details." The State compares this case to *State v. Jenkins-Wells*, No. 14-0432, 2015 WL 3623642, at *2 (Iowa Ct. App. Jun. 10, 2015), in which we recently rejected a claim that the court improperly assigned the defendant court costs based on statements at the plea hearing.

*Jenkins-Wells* is easily distinguished. In that case, the defendant and her attorney both signed a written petition to plead guilty which expressly stated that the defendant agreed to pay full restitution for all charged offenses, including dismissed counts. *Jenkins-Well*, 2015 WL 3623642 at *1. We concluded a "cryptic statement" by the prosecutor at the hearing regarding dismissal of an "order of restitution" did not invalidate the clear written agreement that defendant would pay all court costs. *Id.*

In this case, Hupp did not file a written petition to plead guilty. The only expression of the plea agreement occurred at the opening of the hearing. *See* Iowa R. Crim. P. 2.10(2) (requiring disclosure of the plea agreement in open court at the time the plea is offered). The court's written order accepting the plea and imposing sentence, filed after the hearing, did not profess to be an

alternative or supplemental recital of the plea agreement.[1]  Rather, without explanation, that document added a term to the plea agreement regarding restitution that was not disclosed during the plea portion of the hearing.

Because the plea agreement disclosed on the record was silent regarding the payment of fees and costs attributable to the dismissed cases, we must vacate that portion of the sentencing order and remand for the district court to enter a corrected order vacating the provision requiring Hupp to pay costs associated with the dismissed cases.  We affirm all other aspects of the sentencing order.  Costs of this appeal are taxed to the State.

**SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

---

[1] If the dismissed cases were the subject of separate orders establishing Hupp's agreement to pay the court costs, those orders were not made part of our record in this appeal.