# IN THE COURT OF APPEALS OF IOWA

No. 15-0092
Filed February 10, 2016


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RODERICK DEANDRE LEKEITH BANKS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.


The defendant challenges his conviction for felon in possession of a firearm and resulting sentence. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Kyle P. Hanson, Assistant Attorneys General, for appellee.


Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Roderick Banks was charged by trial information with being a felon in possession of a firearm, in violation of Iowa Code section 724.26(1) (2013), and two counts of assault, in violation of Iowa Code section 708.2(3). On the day of trial, the State voluntarily dismissed the assault charges. Following jury trial, Banks was convicted of being a felon in possession of a firearm and sentenced to an indeterminate term of incarceration not to exceed five years and assessed costs for all counts.

Banks contends the district court should have granted his motion for new trial on the ground the jury's verdict is contrary to the weight of the evidence. "A court may grant a new trial where a verdict rendered by a jury is contrary to law or evidence." *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006). Contrary to the evidence means contrary to the weight of the evidence. *See State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003). "The district court has broad discretion in ruling on a motion for new trial." *Id.* at 202. Our review is limited to the question of whether the district court abused its discretion in denying the motion and not a decision on the merits of whether the verdict is contrary to the weight of the evidence. *See id.* at 203. To establish an abuse of discretion, the defendant must show the district court exercised its discretion on grounds for reasons clearly untenable or to an extent clearly unreasonable. *See id.* at 202. We recognize that trial courts should exercise the discretion to grant a new trial "carefully and sparingly." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

We cannot conclude the district court abused its discretion in denying Banks's motion. The verdict is supported by Banks's brother's testimony, who testified he witnessed Banks pull out a gun during a physical altercation with Banks's business partner. The testimony is corroborated largely by contemporaneous statements made by the business partner captured on audio and video recordings, including a recording of the 911 call and a recording from one of the responding officer's patrol vehicles. The responding officers recovered a gun at the scene. While the business partner told a different story at trial, the testimony was not credible in light of his previous statements.

Banks raises several claims of ineffective assistance of counsel. We conclude the record is not adequate to resolve the claims, and we preserve them for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (determining a court "must preserve" an ineffective-assistance claim if the record is inadequate to address it on direct appeal).

Banks also contends the district court incorrectly assessed against him the court costs associated with the dismissed counts both in the order dismissing the assault counts and in the judgment entry. The State concedes the assessment of costs for the dismissed counts constitutes an illegal sentence. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). We vacate the dismissal order and that portion of the judgment entry and sentence and remand this matter to the district court for the entry of judgment consistent with this opinion.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**