# IN THE COURT OF APPEALS OF IOWA

No. 14-0886
Filed May 25, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KIMBERLEE DON BLACK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Timothy
O'Grady, Judge.


        A defendant challenges the order requiring him to pay costs associated
with dismissed counts.  **SENTENCE VACATED IN PART, AND CASE
REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant
Attorney General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Kimberlee Black challenges the restitution portion of his sentence after pleading guilty to a felony drug offense. He argues the court improperly ordered him to pay court costs for two charges dismissed as a part of his plea agreement. Because Black did not expressly accept responsibility for those restitution amounts, we remand for entry of a corrected judgment order vacating the provision requiring him to pay the costs associated with the dismissed charges.

The State charged Black with two counts of delivery of less than five grams of methamphetamine, class "C" felonies, and one count of delivery of prescription drugs, a serious misdemeanor. In May 2014, Black and his attorney filed a written "waiver of rights and plea of guilty," stating in relevant part:

> [Black] will plead guilty to Count II, Delivery of a Controlled Substance in violation of Iowa Code § 124.401(1)(c)(6) [(2013)]. At sentencing, [Black] will be sentenced to ten years imprisonment. Iowa Code section 124.413 will not be applicable to [Black's] sentence, and [Black] shall be eligible for parole prior to serving one third of the maximum indeterminate sentence. Counts I and III will be dismissed.

Black's written plea was silent on the assessment of costs.

At the start of the plea-and-sentencing hearing, defense counsel recited the parties' agreement, as set out in Black's filing and detailed above, and did not mention any agreement between the parties on court costs. Immediately thereafter, the State told the court that defense counsel's recitation was the State's agreement. Black concurred. During the court's colloquy with Black, the following exchange occurred:

> THE COURT: Count II of the trial information is a class "C" felony in Iowa. The maximum penalty is up to ten years in the state penitentiary. The maximum fine is $50,000. The minimum fine is

> $1000. There is some restitution and court costs involved. You lose your driving privileges for 180 days. And I understand from the terms of the plea agreement, that you are asking me to waive any minimums . . . . You understand the penalties and consequences?
>     BLACK: Yes.
>     THE COURT: And knowing about those, you still intend to plead guilty?
>     BLACK: Yes.

The court accepted Black's plea and imposed sentence, telling Black: "You are fined the minimum fine, which is $1000, and you are taxed court costs." The court's written order accepting the plea and imposing sentence, filed after the hearing, stated: "Counts I and III are dismissed at defendant's cost, pursuant to the plea agreement."

We review challenges to the legality of a sentence for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014). The amount of restitution is part of the sentencing order and may be appealed directly. *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984). Generally, a "defendant cannot be taxed costs regarding a dismissed charge." *State v. Foth*, No. 14-1250, 2016 WL 719044, at *7 (Iowa Ct. App. Feb. 24, 2016). Iowa Code section 910.1(4) identifies court costs as a form of restitution. Our supreme court has instructed that court costs may not be assessed against a defendant for dismissed counts unless the defendant expressly agrees to that assessment as part of a plea agreement. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).

On appeal, Black points out his written plea was silent regarding his responsibility for the costs of the dismissed charges. Further, at the plea hearing the prosecutor agreed with defense counsel's recitation of the parties' agreement—a recitation that did not include an agreement obligating Black to

pay the costs for dismissed counts. In light of these facts, Black contends the court erred in requiring him to pay court costs for the dismissed charges. *See id.* (holding "where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan").

The State responds the record "does not contain an all-encompassing recitation of the plea agreement, such as a written plea offer memorandum" and asks us to "apply the presumption of regularity and avoid condemning the district court's judgment without more definite proof of error."

We are not persuaded by the State's argument. Our rules of criminal procedure require the disclosure of the plea agreement, on the record, at the time the plea is offered. *See* Iowa R. Crim. P. 2.10(2). In this case, both Black's written plea and the plea agreement "on the record" were silent on allocation of costs of dismissed counts, demonstrating the parties had not reached an agreement on the matter as a part of the plea agreement. *See id.* The court's written order, without explanation, added a term to the plea agreement regarding restitution that had not been previously disclosed.[1]

Because the written plea and the plea agreement disclosed on the record were silent regarding the payment of fees and costs attributable to the dismissed counts, we vacate that portion of the sentencing order and remand for the district court to enter a corrected order deleting the provision requiring Black to pay costs associated with the dismissed counts.

---

[1] We find it significant the court mentioned "some restitution and court costs" to Black when advising him regarding the consequences of pleading to count II.

Costs of this appeal are taxed to the State.

**SENTENCE VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**