# IN THE COURT OF APPEALS OF IOWA

No. 16-1193
Filed March 7, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**TYWON STANTON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Muscatine County, Mary E. Howes,

Judge.


　　　　A defendant appeals the restitution order entered following his conviction.

**AFFIRMED.**


　　　　G. Brian Weiler, Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.


　　　　Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

This is a consolidated appeal by Tywon Stanton following his guilty pleas in two separate cases. Both guilty pleas were to third-degree burglary, and as part of the plea agreement, the State agreed to dismiss six other charges. The filed written plea agreement also memorialized, "[Stanton] agrees to pay victim restitution in the amount to be determined by the court; in addition [Stanton] agrees the State may file a request for restitution in relation to Count I [(ongoing criminal conduct)] within 30 days of sentencing." Later, the agreement stated: "Unless expressly stated otherwise in the plea agreement, [Stanton] shall be liable for restitution under all counts regardless of charging concessions contained within the plea agreement."

Following sentencing, the State filed a statement of pecuniary damages and request for victim restitution, outlining the amount requested for four victims. The total amount requested for restitution amounted to $15,134.45. Stanton filed an objection to the amount of restitution, and the matter proceeded to hearing.

At the hearing, the State reminded the court Stanton had agreed to be responsible for the restitution associated with the dismissed ongoing-criminal-conduct charge and had also asked for the court to determine the amount of restitution. The State also alerted the court that it had a lien on the cash that was seized from Stanton on the day he was arrested. Of the $22,000 that was seized, approximately $12,800 remained available to pay the restitution in this case. Stanton informed the court that he thought he should not be responsible for the portion of the restitution claim attributable to the charge for ongoing criminal

conduct because he did not plead guilty to it.[1]  Defense counsel also asserted under Iowa Code section 627.6(14) (2015) Stanton was entitled to an exemption of $1000 as the money was "cash on hand" when he was arrested.

The court ordered Stanton to pay the entire amount of the restitution claim, stating:

> Well, Mr. Stanton, you agreed as part of your plea agreement you were going to make this restitution, and the money they seized in Johnson County was properly seized from you and held, and the State of Iowa put a garnishment on it, which they are allowed to do under Iowa Code section 910.10(2)(g) . . . .  I appreciate that you may have children and need money but, you know, you committed a crime, and you have to pay restitution . . . and I'm going to go ahead and enter the restitution orders as proposed by the State because that's part of your plea agreement, and you committed burglaries, and you have to pay restitution, including for the ongoing criminal conduct count that was dismissed.  Part of that, you were going to make restitution pursuant to that count, so I'm entering the order as proposed by the State.

Stanton appeals, asserting the court should have granted him the $1000 exemption under section 627.6(14) and the court erred in ordering restitution for the dismissed ongoing-criminal-conduct charge without evidence or findings of fact that those damages were related to his criminal conduct.  With respect to his first claim, the State asserts Stanton failed to preserve error.  While Stanton's attorney did raise the issue to the district court, the court did not rule on the claim.

> It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.  When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.

---

[1] Of the $15,134.45 restitution claim, $3612.02 represents the amount associated with the ongoing-criminal-conduct charge.

*Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). While we are not concerned about the "substance, logic, or detail in the district court's decision," the court's ruling must indicate the court "considered the issue and necessarily ruled on it" for the issue to be preserved. *Id.* Because we have no indication the court considered the issue and Stanton did not file a motion seeking the court to rule on the issue, we find the issue of the application of the exemption in section 627.6(14) has not been preserved for our review.

Even if error had been preserved, we conclude Stanton failed to prove he was entitled to the $1000 exemption under section 627.6(14). That section provides:

> A debtor who is a resident of this state may hold exempt from execution the following property:
> . . . .
> 14. The debtor's interest, not to exceed one thousand dollars in the aggregate, in any cash on hand, bank deposits, credit union share drafts, or other deposits, wherever situated, or in any other personal property whether otherwise exempt or not under this chapter.

Iowa Code § 627.6(14). It was Stanton's burden of proof to show the exemption applied to the cash that was seized from him at the time of this arrest. *See Citizens' Bank of Milo v. C. F. Scott & Son*, 250 N.W. 626, 628 (Iowa 1933) ("[T]he statute in regard to exemptions is not self-executing. In order that a party may have the benefit thereof, he must both plead and prove his right to the exemptions claimed."). The exemption in this case is limited to $1000 in the aggregate of "any cash on hand, bank deposits, credit union share drafts, or other deposits, wherever situated, or in any other personal property." Iowa Code § 627.6(14). Stanton

offered no evidence and did not argue at the restitution hearing that the cash that was seized from him on the day of the arrest was the only cash, bank accounts, or personal property he owned. Because Stanton failed to prove he was entitled to the exemption under section 627.6(14), we conclude, even if he had preserved error, his claim fails.

Stanton also claims the court was required, but failed, to make any findings that his actions were the proximate cause of the claimed restitution for the ongoing-criminal-conduct count, which was dismissed. As the State points out, the victim restitution associated with the dismissed counts was addressed in the plea agreement—"[Stanton] shall be liable for restitution under all counts regardless of charging concessions contained within the plea agreement"—and the plea agreement specifically contemplated the State filing a victim restitution request related to the ongoing criminal conduct count—"State may file a request for restitution in relation to Count I [(ongoing criminal conduct)]." Our supreme court in *State v. Petrie*, noted that "where the plea agreement is *silent* regarding the payment of fees and costs, . . . only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan." 478 N.W.2d 620, 622 (Iowa 1991) (emphasis added). However, the plea agreement was not silent in this case. It specifically provided for Stanton to pay restitution for the dismissed counts in an amount to be determined by the court. *See id.* ("[N]othing in this opinion prevents the parties to a plea agreement from making a provision covering the payment of costs and fees.").

In addition, the plea agreement provided the court could "accept as true the entire contents of the Minutes of Evidence" "to support any sentencing or bond

decision made by the Court." The minutes of evidence in this case provide the necessary causal connection between the criminal act and the victims' damages. *See State v. Holmberg*, 449 N.W.2d 376, 377–78 (Iowa 1989) (considering the minutes of testimony in determining whether the restitution amount was supported and finding a lack of connection in the minutes between the defendant and the total amount of damages claimed by the victim).

Because we conclude Stanton did not preserve error on his claim that he is entitled to an exemption under section 627.6(14) and the minutes provide the necessary causal connection relating to the dismissed charge, we affirm the district court's restitution order.

**AFFIRMED.**