# IN THE COURT OF APPEALS OF IOWA

No. 18-0230
Filed December 19, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER DAVID VOGEL,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Carol S. Egly, District

Associate Judge.


        Christopher Vogel appeals his sentence following his guilty plea to animal

abuse.  **SENTENCE VACATED IN PART AND REMANDED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DANILSON, Chief Judge.**

Christopher Vogel appeals from his sentence following his guilty plea to animal abuse, in violation of Iowa Code section 717B.2 (2017), an aggravated misdemeanor. Vogel contends the sentencing court abused its discretion by considering improper factors in imposing his sentence and entered an illegal sentence when it ordered him to pay court costs associated with dismissed charges. Because Vogel has not affirmatively shown the court considered improper factors, we find no abuse of discretion. However, we vacate the portion of the sentencing order imposing an obligation to pay the costs of dismissed charges and remand for entry of a corrected sentencing order.

**I. Background Facts and Proceedings.**

On September 27, 2017, Vogel was charged with animal abuse and criminal mischief in the fourth degree in case number AGCR307687—both counts stemming from the same incident. On November 30, Vogel reached a plea agreement with the State, which provided: (1) Vogel would plead guilty to animal abuse; (2) a pre-sentence investigation (PSI) would be completed; (3) the parties were free to argue for any allowable sentence; (4) Vogel would pay "[a]ll applicable surcharges and costs, including any court-appointed attorney fees"; (5) "[t]he State will dismiss count II [criminal mischief] of AGCR307687 and SMAC369966 upon sentencing"; (6) restitution; and (7) any other conditions the court may impose. The court accepted Vogel's written guilty plea and ordered a PSI.

On February 1, 2018, the court sentenced Vogel to prison for two years, with credit for time served in jail awaiting trial, and suspended a $625 fine plus surcharge. Of the sentencing considerations set out in Iowa Code section 907.5,

the court found the following factors to be the most significant in determining Vogel's sentence: (1) the nature and circumstances of the crime; (2) the defendant's criminal history, and; (3) the defendant's propensity for further criminal acts. The court also found "[i]ncapacitation [sic] is warranted based on Defendant's history and stated desire not to be on probation as well as the nature of this crime." The court ordered restitution to be determined at a later date, entered a no-contact order, and ordered DNA profiling.

The court also ordered:

> Pursuant to the plea agreement and upon the recommendation of the State, the following counts/cases are dismissed: COUNT II: CRIMINAL MISCHIEF IN THE FOURTH DEGREE; NTA0794542; SMAC369966. Pursuant to the plea agreement Defendant is ordered to pay court costs on these counts/cases and if restitution is due on any of these counts/cases, Defendant is ordered to pay such restitution.

Vogel appeals.

**II. Scope and Standard of Review.**

Our review of sentencing decisions is for the correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Because the challenged sentence does not fall outside statutory limits, we review the court's decision for abuse of discretion. *Id.* Reversal for an abuse of discretion is warranted only if the court's discretion has been exercised "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

**III. Discussion.**

Vogel contends the sentencing court abused its discretion because it improperly considered portions of his criminal history that did not result in a conviction or juvenile disposition.

"A district court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "On our review, a district court's sentencing decision enjoys a strong presumption in its favor." *Id.* "To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses." *Id.*

Here, Vogel merely speculates the district court relied on unproven offenses. Vogel has not affirmatively shown the district court relied on improper evidence. The court did not abuse its discretion in sentencing Vogel.

Vogel also contends his sentence is illegal because the sentence requires him to pay court costs on the dismissed counts. The inclusion of court costs for dismissed charges does not automatically render a sentence illegal. However, where the plea agreement is silent regarding the payment of fees and costs, only those fees and costs attributable to the charge on which a defendant is convicted are recoverable under a restitution plan. *State v. Brown*, 905 N.W.2d 846, 857 (2018) (citing *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991)).

Vogel contends the written guilty plea "contains no mention regarding assessment of court costs on the dismissed charges." We agree. We acknowledge the written plea states the plea agreement includes "[a]ll applicable surcharges and costs, including any court-appointed attorney fees." However when the plea bargain is silent as to costs, and a statute does not authorize the assessment of costs to the defendant for a dismissed charge, it is error for the district court to order the defendant to pay such costs. *Petrie*, 478 N.W.2d at 622.

Here, there is no statute that authorizes payment, and we do not interpret the language in the written plea as requiring payment to include the dismissed charges. We reach this conclusion because there would be no surcharges on the dismissed charges, and there is no clear reference to the dismissed charges. We also note the plea agreement, at least pursuant to the written plea, did not encompass the simple misdemeanor offense. Consequently, the district court imposed an illegal sentence, and we sever the portion of the sentence imposing the costs for the dismissed charges, including count II. *See Bonilla v. State*, 791 N.W.2d 697,702 (Iowa 2010) (permitting an invalid part of a sentence to be severed and leave the valid portions intact).

We remand to the district court for entry of a corrected sentencing order consistent with this opinion.

**SENTENCE VACATED IN PART AND REMANDED.**