# IN THE COURT OF APPEALS OF IOWA

No. 17-1909
Filed March 20, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LORI DEE MATHES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Monona County, Duane E. Hoffmeyer, Judge.

The defendant appeals from the district court order dismissing a charge against her for possession of a controlled substance and ordering her to pay the court-appointed attorney fees. **APPEAL DISMISSED.**

Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge**

Lori Mathes appeals from the district court order dismissing the only charge against her—possession of a controlled substance (marijuana), third offense, which is a class "D" felony. Mathes maintains the district court erred when it ordered her to pay the fees for her court-appointed attorney in relation to defending the charge. The State responded by filing a motion to dismiss the appeal, arguing Mathes does not have the right to appeal the court's order because it is not a final order, *see* Iowa Code § 814.6 (2017), and the issue is not one that is appropriately raised in a petition for writ of certiorari. Our supreme court ordered the issue of the motion to dismiss be submitted with the appeal and transferred the case to us.

Approximately eighteen months after charging Mathes with possession of a controlled substance, the State filed a motion to dismiss the charge "for the following reason(s): Upon agreement of the parties." The district court filed a dismissal order, which taxed costs to Mathes, including the fees for her court-appointed attorney. According to the dismissal order, Mathes was responsible for the costs "[b]y agreement of the parties."

Mathes filed a pro se letter with the court, in which she stated:

> I am requesting an attorney to appeal the conditions stated in my dismissal order. I didn't agree to what is stated, and have been unsuccessful in getting [my attorney] to respond, as to why he made this agreement without my consent. [My attorney] informed me specifically that the charges I would be charged would be less than $500.00. I even had him make a call to find out *before* I would agree to paying any costs because I refused at first, since the dismissal was based on the warrant being bad. (Something not noted). The only reasons I agreed to "less than $500," was to get it over with. I didn't agree to anything else! . . .

In response, the court filed an order indicating it had received Mathes's letter and ordered Mathes's attorney to contact her "with a view towards filing a notice of appeal."  This appeal followed.

We first consider the State's contention that Mathes's appeal should be dismissed because she has no right of appeal from the district court's order dismissing the charge against her.  Importantly, "the right of appeal was not known to the common law and is entirely statutory."  *Sewell v. Lainson*, 57 N.W.2d 556, 566 (Iowa 1953).  Iowa Code section 814.6(1)(a) provides a defendant the right of appeal from "[a] final judgment of sentence."  "Final judgment in a criminal case means sentence.  The sentence is the judgment."  *State v. Klinger*, 114 N.W.2d 150, 151 (Iowa 1966) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).  "In criminal cases, as well as civil, the judgment is final for the purposes of appeal 'when it terminates the litigation between the parties on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'"  *Berman*, 302 U.S. at 212–13 (citation omitted).  Even though the dismissal order requires Mathes to reimburse the state for her court appointed fees, we agree with the State that the dismissal order is not a final judgment or sentence and Mathes has no right of appeal.

As the State recognizes, we must also consider if this issue is one Mathes could properly raise in a petition for writ of certiorari.  *See Bousman v. Iowa Dist Ct.*, 630 N.W.2d 789, 793 (Iowa 2001) ("If the present appeal should have been filed as an original certiorari proceeding, we may consider the appeal 'as though the proper form of review had been sought.'" (citation omitted)); *see also* Iowa R. App. P. 6.108.  "A petition for a writ of certiorari is proper when the district court is

alleged to have exceeded its jurisdiction or to have acted illegally." *State Pub. Def. v. Iowa Dist. Ct.*, 630 N.W.2d 34, 36 (Iowa 1999). Here, Mathes does not assert the district court lacked jurisdiction or the authority to order her to pay the attorney fees incurred in defense of the charge against her when she agreed to do so. *See* Iowa Code § 815.9(3) (requiring a person who is appointed an attorney "to reimburse the state for the total cost of legal assistance provided to the person pursuant to this section"); *see also State v Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (providing defendants should not be required to pay fees or charges associated with dismissed charges unless an agreement between State and defendant provides otherwise). Rather, she maintains her counsel improperly consented on her behalf to an agreement requiring her to pay more than $500 in fees. Additionally, based on a statute she concedes is not directly applicable, she argues the court should have determined whether she had the reasonable ability to pay the fees before ordering her to pay them. *See* Iowa Code § 815.9(6) (providing that in the instance of an acquittal, the district court "shall order the payment of all or a portion of the total costs and fees incurred for legal assistance, *to the extent the person is reasonably able to pay*" (emphasis added)). Neither of these arguments include an assertion that the district court acted illegally or outside of its jurisdiction. Therefore, we agree with the State that Mathes's claims would not have been properly raised in a petition for writ of certiorari.

Because Mathes does not have the right of appeal from an order dismissing the criminal charge against her and she does not claim the district court acted beyond its authority, we dismiss her appeal.

**APPEAL DISMISSED.**