# IN THE COURT OF APPEALS OF IOWA

No. 19-0464
Filed February 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GARY LEE MANNING,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling, Judge.

Gary Manning appeals the sentences imposed after pleading guilty to three counts of third-degree burglary. **SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Martha J. Lucy, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Gary Manning appeals his sentences to three counts of third-degree burglary relating to burglaries in Donnellson and West Point in October 2018.[1] Manning agreed to plead guilty in exchange for the State dismissing the remaining charges in this case and charges in four other cases. After accepting his pleas, the district court sentenced Manning to serve three consecutive terms of no more than five years of incarceration and ordered him to pay $7070 in victim restitution. We review a challenge to the legality of a sentence for correction of errors at law. *See State v. Petty*, 925 N.W.2d 190, 195 (Iowa 2019).

**I. Improper Sentencing Factor.**

Manning contends the court relied on an improper factor in imposing his sentences. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (stating that we only overturn a sentence that is within statutory parameters if the court abused its discretion or relied on improper sentencing factors). The legislature has directed the court to consider which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2018). In doing so, the court may consider such pertinent factors as the defendant's character, propensity to reoffend, and chances of reform. *See State v. Knight*, 701 N.W.2d 83, 86-87 (Iowa 2005). But a sentencing court may not rely upon additional,

---

[1]Our supreme court decided recent amendments to Iowa Code section 814.6 (2019), limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke,* 933 N.W.2d 226, 235 (Iowa 2019).

unproven, and unprosecuted charges if the defendant has not admitted to the charges or facts are not presented to show the defendant committed the offenses. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). If the court uses an improper consideration, resentencing is required. *See State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

In imposing Manning's sentences, the district court considered the statements made at the sentencing hearing, the presentence investigation and its recommendation, and Manning's letter to the court. It determined that incarceration was appropriate based on the facts and circumstances of the offenses, which include "the number of offenses, the fact that [his] family members were involved in a criminal enterprise, coupled with [his] criminal record which goes back thirty years, and the fact that these crimes were committed while [he was] on probation for similar crimes." And the court reiterated these factors in stating why it imposed consecutive sentences, explaining:

> (1) It is the recommendation made by the prosecuting attorney. (2) You have a lengthy criminal record spanning approximately thirty years. (3) These offenses were committed while you were on probation for similar offenses. (4) And perhaps most importantly of all, you involved your entire family in this criminal enterprise.

Manning argues the court improperly relied on his family's involvement in the offenses when it sentenced him. The question is whether the record sufficiently establishes this factor. *See State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). Manning first argues the record does not establish that his "entire family" was involved because his daughter from a previous relationship, stepson, siblings, and parents were never implicated in his crimes. But the court's reference to Manning's "entire family" is more hyperbolic than literal. Manning was charged with the crime.

So was his wife. Manning and his wife have two children together, and they were also charged. Because nothing suggests the court believed or had any reason to believe additional family members were involved, it is evidence that the court's reference to Manning's "entire family" was limited to these four actors.

But Manning also argues that the court improperly considered the involvement of his wife and sons in the crimes. Manning never admitted their involvement at the plea or sentencing hearings. And though the minutes of evidence indicate their involvement, Manning never admitted the information was true or accurate. *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (noting that the sentencing court should only consider facts contained in the minutes that are admitted or otherwise established as true). Nor was the information necessary to establish a factual basis for his pleas. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) ("Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them."). The prosecutor also discussed the involvement of Manning's sons while discussing Manning's criminal history, stating:

> It appears, although this would be a misdemeanor offense, contributing to the delinquency of a minor in 1988. I think that's relevant for today because Mr. Manning's co-defendants in these causes include his own two sons, 19-year-old and, I believe, 21-year-old, who also pled guilty. Neither have been sentenced yet, or are awaiting to be sentenced, for class "D" felonies as well.
> So this man was supposed to be a role model for his sons to show them the difference between right and wrong. And, instead, he was using drugs with them and burglarizing storage units with them. So it's just an absolute travesty that these kids would have that environment to grow up in and expect to succeed.

Manning argues that the prosecutor's statements alone are insufficient to prove a fact, but the presentence investigation report notes that Manning's wife and sons "are co-defendants" and lists their respective case numbers. Because Manning never challenged this portion of the report, the court was free to consider it. *See Grandberry*, 619 N.W.2d at 401. Thus, the record establishes that Manning's wife and sons were involved in the crimes, and the district court did not err in relying on this circumstance in imposing the sentences.

## II. Restitution.

Manning also challenges the portion of the sentencing order assessing him $7070 in victim restitution. He argues the court erred by ordering him to pay $6200 in victim restitution that related to dismissed charges.[2]

Our restitution statute requires offenders to pay restitution for victims of their criminal activities and defines a "victim" as "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code §§ 910.1(4) (defining "victim"), 910.2(1)(a) (requiring the court to order offenders pay restitution for victims of their criminal activities). A restitution award must have a reasonable basis in the evidence and cannot be speculative or imaginary. *See State v. Watts*, 587 N.W.2d 750, 752 (Iowa 1998). And the State must show a causal connection between the criminal act and damage. *See State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989).

Ordinarily, the court can only order restitution on charges to which the offender pleads guilty. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). A

---

[2] Because this issue is dispositive, we need not address Manning's other claims regarding victim restitution related to the dismissed charges.

defendant may agree to pay restitution for dismissed charges as part of the plea agreement, but the record must memorialize this agreement. *See id.* Nothing in the record here shows that Manning agreed to pay restitution to victims of the dismissed charges. Although the State argues the failure to record this portion of the agreement was mere oversight by the prosecutor, we cannot nullify the error by assuming the plea agreement explicitly requires something it does not.

The record shows the victims of the crimes to which Manning pled guilty suffered damages totaling $870. We vacate the portion of the sentencing order requiring Manning to pay $7070 in victim restitution and remand to the district court for entry of a new sentencing order assessing Manning for $870 in victim restitution.

**SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**