# IN THE COURT OF APPEALS OF IOWA

No. 15-2101
Filed September 14, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**KENDALL CHAVEZ JOHNSON,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Thomas L. Koehler (guilty plea) and Ian K. Thornhill (sentencing), Judges.

Kendall Johnson appeals from the sentence imposed following his guilty pleas to the charges of second-degree burglary and assault while displaying a dangerous weapon. **SENTENCE VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Elisabeth Reynoldson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield, Doyle, Tabor, and Bower, JJ.

**DOYLE, Judge.**

Kendall Johnson appeals from the sentence imposed following his guilty pleas to the charges of second-degree burglary and assault while displaying a dangerous weapon. He argues the district court imposed an illegal sentence by assessing court costs for counts dismissed under the plea agreement. The sentencing order erroneously states that the costs of the dismissed counts are assessed to Johnson. We vacate that portion of the sentencing order assessing court costs against Johnson for the dismissed counts and remand for entry of a corrected sentencing order assessing Johnson with the appropriate amount of court costs. Johnson also argues the district court erred in failing to inquire about his ability to pay before imposing restitution. We agree and vacate that portion of the sentence concerning court costs and remand for a determination of Johnson's reasonability to pay.

### I. Background Facts and Proceedings.

In August 2015, Johnson was charged by trial information in six separate counts with first-degree burglary, assault while displaying a dangerous weapon, false imprisonment, interference with official acts, and two counts of child endangerment. In exchange for Johnson's agreement to plead guilty to a lesser-included offense of second-degree burglary and the assault-while-displaying-a-dangerous-weapon charge, the State agreed to dismiss the remaining charges. In October 2015, Johnson filed a waiver of rights and written guilty plea, and appeared before the district court for a plea colloquy. The court accepted the guilty pleas.

Johnson was sentenced the following month. In its written sentencing order, the district court imposed prison sentences of no more than ten years on the burglary charge and no more than two years on the assault charge. The court ordered Johnson to pay fines on both charges, "together with all applicable costs and surcharges." The court also ordered Johnson to "pay victim restitution, if any," "all applicable surcharges and fees," and "court costs assessed by the Clerk of Court, including any costs accruing after this date." The sentencing order also states: "The court has reviewed the documentation surrounding [Johnson]'s financial circumstances and finds [Johnson] is reasonably able to pay $100.00 for the expense of court-appointed counsel." Finally, the court dismissed the remaining charges "with costs assessed to [Johnson]."[1] Thereafter, Johnson appealed.

**II. Assessment of Costs.**

Because his plea agreement is silent as to the question of court costs, Johnson contends the court entered an illegal sentence by requiring him to pay court costs associated with the dismissed counts, and requests that portion of the sentencing order be vacated and the case be remanded for a corrected sentencing order.[2] The State agrees the court erred in ordering court costs

---

[1] The original sentencing order mistakenly dismissed only counts three, four, and five. The court filed a nunc pro tunc order to correct the Iowa Code sections cited in the original order and to dismiss count six "with costs assessed to [Johnson]." We refer to the sentencing order and nunc pro tunc order collectively as the sentencing order.

[2] We have recently seen a raft of these court-costs-associated-with-dismissed-charges cases. *See, e.g.*, *State v. Young*, No. 15-1748, 2016 WL 4054252, at *3 (Iowa Ct. App. July 27, 2016); *State v. Swift*, No. 15-1229, 2016 WL 3275606, at *3 (Iowa Ct. App. June 15, 2016); *State v. Ford*, No. 15-0569, 2016 WL 3269624, at *5 (Iowa Ct. App. June 15, 2016); *State v. Weekley*, No. 15-1121, 2016 WL 3010552, at *2 (Iowa Ct. App. May 25, 2016); *State v. Leatherberry*, No. 15-0985, 2016 WL 3003420, at *2 (Iowa Ct. App. May 25, 2016); *State v. Black*, No. 14-0886, 2016 WL 3010497, at *1-2 (Iowa Ct. App. May

associated with the dismissed counts be taxed to Johnson, and it also agrees a remand is required for correction of the sentencing order. We review Johnson's claim for correction of errors at law. *See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015) (stating review is for correction of errors at law when the legality of a sentence is challenged on nonconstitutional grounds).

"Criminal restitution is a creature of statute." *State v. Watson*, 795 N.W.2d 94, 95 (Iowa Ct. App. 2011). Iowa Code section 910.2(1) (2015) requires the sentencing court to order a defendant who pleads guilty to make restitution. Restitution includes payment of court costs. *See* Iowa Code § 910.1(4). In addition, section 815.13 allows the county or city to recover fees and costs incurred in prosecuting a criminal action "unless the defendant is found not guilty or the action is dismissed." Under these sections, a defendant should only be ordered to pay restitution on the counts on which the State obtains a conviction.

25, 2016); *State v. Ball*, No. 15-1319, 2016 WL 1697071, at *1 (Iowa Ct. App. Apr. 27, 2016); *State v. Foth*, No. 14-1250, 2016 WL 719044, at *6-7 (Iowa Ct. App. Feb. 24, 2016); *State v. Banks*, No. 15-0092, 2016 WL 541395, at *1 (Iowa Ct. App. Feb. 10, 2016); *State v. Jenkins*, No. 15-0589, 2015 WL 8367810, at *6-7 (Iowa Ct. App. Dec. 9, 2015); *State v. Jordan*, No. 14-2117, 2015 WL 8310689, at *2 (Iowa Ct. App. Dec. 9, 2015); *State v. Davenport*, No. 14-1735, 2015 WL 7075704, at *4-5 (Iowa Ct. App. Nov. 12, 2015); *State v. Weaver*, No. 15-0040, 2015 WL 6509024, at *2 (Iowa Ct. App. Oct. 28, 2015); *State v. Hupp*, No. 15-0012, 2015 WL 5311361, at *2 (Iowa Ct. App. Sept. 10, 2015): *State v. Lam*, No. 14-1582, 2015 WL 4935707, at *4 (Iowa Ct. App. Aug. 19, 2015); *State v. Abbasi*, No. 14-1576, 2015 WL 4935705, at *2 (Iowa Ct. App. Aug. 19, 2015); *State v. Newell*, No. 14-1186, 2015 WL 4468856, at *3 (Iowa Ct. App. July 22, 2015); *State v. Randall*, No. 14-1220, 2015 WL 4158940, at *2 (Iowa Ct. App. July 9, 2015); *State v. Jenkins-Wells*, No. 14-0432, 2015 WL 3623642, at *1-2 (Iowa Ct. App. June 10, 2015); *State v. Hamilton*, No. 14-1426, 2015 WL 2393687, at *2 (Iowa Ct. App. May 20, 2015); *State v. Busch*, No. 14-1662, 2015 WL 1331878, at *1 (Iowa Ct. App. Mar. 25, 2015); *State v. Hayes*, No. 14-0697, 2015 WL 1055383, at *2 (Iowa Ct. App. Mar. 11, 2015); *State v. Bunce*, No. 14-0645, 2015 WL 799873, at *1 (Iowa Ct. App. Feb. 25, 2015); *State v. Stewart*, No. 13-1113, 2014 WL 3511822, at *4 (Iowa Ct. App. July 16, 2014), *aff'd*, 858 N.W.2d 17, 19 (Iowa 2015) ("We allow the decision of the court of appeals to stand with respect to the cost issue."); *State v. Goad*, No. 13-1319, 2014 WL 2885036, at *2 (Iowa Ct. App. June 25, 2014). Many of these cases resulted in remands for corrected sentencing orders, creating much additional work for the parties' attorneys, district courts, and clerks of court.

*See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). Unless a plea agreement provides for the recovery of costs associated with dismissed charges, only those costs associated with the charges on which a conviction is obtained may be recoverable; where the plea agreement is silent on costs, no costs are recoverable for dismissed charges. *See id.*

In cases such as this—where a defendant has been charged in one trial information with multiple criminal violations, pled guilty to some charges, and had others dismissed—there are three categories of costs: (1) those clearly attributable to the charges on which the defendant is convicted, (2) those clearly attributable to dismissed charges, and (3) those not clearly associated with any single charge. *See id.* A defendant may be assessed costs clearly attributable to the charges on which the defendant is convicted but may not be assessed costs clearly attributable to dismissed charges. *See id.* "Fees and costs not clearly associated with any single charge should be assessed proportionally against the defendant." *Id.*

At the sentencing hearing, the court asked if there was any agreement that Johnson pay costs associated with the dismissed counts, acknowledging "[t]here may not be any [such costs]." The court noted, "There's just been some case law where costs have been assessed where it hasn't been a part of the agreement and I don't want to run afoul of the case law." Defense counsel noted that "the dismissed counts are all within the same Trial Information, so obviously court costs for Counts One and Two are assessed against [Johnson]. There's no way of bifurcating or not having those assessed. . . . There's no additional cost." Defense counsel stated there was no agreement to pay any costs beyond those

associated with the counts for which Johnson was convicted. The prosecutor agreed. Inexplicably, the sentencing order erroneously states that the dismissed counts are dismissed "with costs assessed to [Johnson]."

The fact that some counts were dismissed does not automatically establish that a part of the assessed court costs are attributable to the dismissed counts. Here, the record shows just the opposite. The combined general docket report prepared by the district clerk of court on December 10, 2015, two days after Johnson filed his notice of appeal, shows a total of $210 in court costs accrued as of that date.[3] These costs would have been the same even had the State not charged Johnson with the counts later dismissed. Moreover, the record shows none of the assessed charges are clearly attributable or discrete to the dismissed counts. We therefore conclude the total court costs are clearly attributable to the counts to which Johnson pled guilty and, therefore, fully assessable to him.[4]

Additionally, it is telling that Johnson makes no attempt to demonstrate that any of the taxed court costs in this case are not clearly attributable to the

---

[3] Court costs were: $100 filing fee, $15 sheriff return of service fee, $15 sheriff return of service fee, $40 court reporter fee (guilty plea hearing), and $40 court reporter fee (sentencing hearing). Additional court costs have since accrued on appeal.

[4] A *Petrie* apportionment is not indicated in this case. *See Petrie*, 478 N.W.2d at 622 ("Fees and costs not clearly associated with any single charge should be assessed proportionally against the defendant. Since the defendant was only convicted on one of three counts he should be required to pay only one-third of these costs."). *Petrie* is distinguishable from the case at hand. In *Petrie*, it is clear fees and costs were incurred relative to the dismissed charges. *Id.* And apparently, although it is not clear from the opinion, there were fees and costs incurred that were not clearly associated with any particular charge, and it was those fees and costs that were to be assessed proportionally, i.e., at one-third, since Petrie pled guilty to one of three charges. *Id.* The *Petrie* court makes no suggestion that the court costs clearly attributable to the charge to which Petrie pled guilty should be automatically apportioned.

charges to which he pled guilty; in fact, Johnson does not even claim he was over-assessed court costs. In this illegal sentence claim, it is up to Johnson to establish an over-assessment of court costs. He has failed to do so.

Although a remand for a corrected order in this case would appear to only elevate form over substance as it would have no practical effect upon Johnson since the assessed court costs will remain the same, we remand for a corrected sentencing order because we are already remanding the case on the ability-to-pay issue. We therefore vacate that portion of the sentencing order assessing court costs against Johnson for the dismissed counts, and we remand for entry of a corrected sentencing order assessing Johnson with the appropriate court costs.

### III. Ability to Pay Restitution.

Johnson also appeals the portion of his sentence requiring him to make restitution, arguing the court erred in assessing restitution without determining his reasonable ability to pay. Specifically, he argues,

> The sentence in the instant matter is illegal by virtue of the fact that Mr. Johnson was ordered to pay $1000.00 (Count I) and $625.00 (Count II), surcharges and court costs, $100 for court-appointed counsel, and costs for the dismissed counts (Counts II-V) without any showing that he had the reasonable ability to repay those obligations.

The court ordered Johnson "to pay a fine in the amount of $1000.00 (Count One) and $625.00 (Count Two), together with all applicable costs and surcharges." The sentencing order further provided that Johnson

> shall pay victim restitution, if any, in the amount(s) set forth in the Statement(s) of Pecuniary Damages previously filed or to be filed/amended by the State within [thirty] days from today's date; the fine(s), plus all applicable surcharges and fees; and court costs as assessed by the clerk of court, including any costs accruing after this date. The court has reviewed the documentation surrounding

> [Johnson]'s financial circumstances and finds [Johnson] is reasonably able to pay $100.00 for the expense of court-appointed counsel.

The sentencing order stated, "The financial obligations imposed by this order are due today."

Johnson's argument focuses on imposition of victim restitution, fines, surcharges, court costs, and attorney fees. In this case, we find the sentencing order contained the plan of restitution—the total amount of restitution owed by Johnson to his court-appointed attorney and court costs, as reflected on the clerk of court's combined general docket report.[5] The district court's inclusion of an established due date—"financial obligations imposed by this order are due today"—constituted a restitution plan of payment. The State argues the issue of Johnson's ability to pay is not directly appealable. We disagree. It was proper for Johnson to raise the issue on direct appeal because, when the plan of restitution and restitution plan of payment are part of a sentencing order, a defendant has the right to direct appeal. *See State v. Kurtz*, 878 N.W.2d 469,

---

[5] Although Johnson was ordered to pay victim restitution, the presentence investigation report indicates, "The victim reported having no direct financial loss, however, she and her five-year-old daughter began therapy as a result of this offense." Under the record before us, no statement of pecuniary damages to victims, pursuant to Iowa Code § 910.3, was filed by the county attorney. Furthermore, regardless of a defendant's ability to pay, the sentencing court must order restitution to crime victims and to the clerk of court for fines, penalties, and surcharges. *See* Iowa Code § 910.2(2); *State v. Wagner*, 484 N.W.2d 212, 215-16 (Iowa Ct. App. 1992).

The combined general docket report prepared by the district clerk of court on December 10, 2015, two days after Johnson filed his notice of appeal, shows a total of $250 in court-appointed attorney fees accrued as of that date: a $150 claim for "indigent defense–misc–re" filed on November 17, 2015, and a $100 claim for "indigent defense–felony–" filed on November 25, 2015. The same report indicates court costs totaled $240. In this case, we consider these amounts as the plan of restitution. Ordering court costs and court-appointed attorney fees is subject to the defendant's reasonable ability to pay. *See* Iowa Code § 910.2(1); *State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985).

472 (Iowa Ct. App. 2016); *see also State v. Tanner*, No. 14-1963, 2016 WL 4384468, at *5 (Iowa Ct. App. Aug. 17, 2016). "We conclude [Johnson] is able to appeal the restitution order, including the court's failure to consider his ability to pay, because the plan of restitution and the restitution plan of payment were part of the sentencing order from which [Johnson] had a right of appeal." *See Kurtz*, 878 N.W.2d at 472 (citing *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984)). Furthermore, because the sentencing court made a finding in its written order that Johnson was reasonably able to pay court-appointed attorney fees, it is "incorporated in the sentence," and we may review it on appeal. *See id.*; *State v. Campbell*, No. 15-1181, 2016 WL 4543763, at *3 (Iowa Ct. App. Aug. 31, 2016).

Generally, "restitution ordered to the victim is made without regard to the defendant's ability to pay." *Wagner*, 484 N.W.2d at 215-16; *see also* Iowa Code § 910.2(1). "However, restitution is ordered for crime victim assistance reimbursement, for public agencies, for court costs including correctional fees, for court-appointed attorney fees, for contribution to a local anticrime organization, and for the medical assistance program only to the extent the defendant is reasonably able to pay." *Kurtz*, 878 N.W.2d at 472 (citing Iowa Code § 910.2(1)). "Constitutionally, a court must determine a criminal defendant's ability to pay before entering an order requiring such defendant to pay criminal restitution pursuant to Iowa Code section 910.2." *Goodrich v. State*, 608 N.W.2d 774, 776 (Iowa 2000). "A defendant who seeks to upset a restitution order, however, has the burden to demonstrate either the failure of the court to exercise discretion or an abuse of that discretion." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987).

"Thus, before ordering payment for court-appointed attorney fees and court costs, the court must consider the defendant's ability to pay." *Kurtz*, 878 N.W.2d at 473. Although the sentencing court did state Johnson was reasonably able to pay $100 of his court-appointed attorney fees, the record is silent as to whether the court considered Johnson's ability to pay the court-ordered court costs. Because we cannot determine whether the court reasonably exercised its discretion when it ordered restitution for court costs, we vacate that portion of the sentence and remand for a determination of Johnson's reasonable ability to pay.

**SENTENCE VACATED IN PART AND REMANDED.**