# IN THE COURT OF APPEALS OF IOWA

No. 16-0221
Filed October 12, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT W. KEMMERLING,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Marsha A. Bergan, Judge.

A defendant appeals the restitution portion of his sentence.  **SENTENCE VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Robert Kemmerling pled guilty to assault causing serious injury. He was sentenced to five years in prison, given a suspended $750 fine and 35% surcharge, and ordered to pay court costs, correctional fees, and court-appointed attorney fees. The court went on to conclude Kemmerling did not have the ability to pay the total financial obligation in thirty days, so it ordered him to make monthly payments. The court also granted the State's motion to dismiss a second count against Kemmerling "at defendant's cost, pursuant to the plea agreement."

On appeal, Kemmerling claims the sentence is illegal because it assessed him with the costs associated with the dismissed count but the plea agreement did not provide for him to pay those costs. The State concedes this was an error of the district court, and we agree. A defendant may be assessed costs clearly attributable to the charge on which the defendant is convicted but may not be assessed costs clearly attributable to dismissed charges when the plea agreement is silent on the payment of fees and costs. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). Thus, we vacate that portion of the sentencing order assessing court costs against Kemmerling for costs associated only with the dismissed count and remand for the entry of a corrected sentencing order assessing Kemmerling with the appropriate court costs.[1]

---

[1] We note the mere fact that one of the pending counts against Kemmerling was dismissed does not automatically establish part of the court costs is attributable to the dismissed count. Many of the normal court costs would have been the same had there been one or twenty counts. On remand, the record needs to be analyzed to determine if any of the assessed costs were clearly attributable or discrete to the dismissed count, and those costs only need to be removed from the assessment. *See State v. Johnson*, No. 15-2101, 2016 WL 4802916, at *2–3 (Iowa Ct. App. Sept. 14, 2016).

Kemmerling also claims the court abused its discretion in ordering him to make payments of $50 per month when the record was clear he was insolvent and being sent to prison. There are two parts to a restitution order: the plan of restitution—the total amount of restitution to be paid—and the restitution plan of payment—the schedule of repayment. *See State v. Kurtz*, 878 N.W.2d 469, 471 (Iowa 2016). The total amount of restitution was not yet determined at the time of sentencing. But the sentencing order appears to have a schedule of repayment—$50 per month. Until a plan of restitution is completed, "the court is not required to give consideration to the defendant's ability to pay." *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999). Because the total amount of restitution had not yet been determined by the time the notice of appeal was filed, any challenge to the restitution order in this case is premature. In order to challenge the amount of restitution ordered, Kemmerling is required under Iowa Code section 910.7 (2015)[2] to file a petition to modify the supplemental restitution orders. *See id.*; *Kurtz*, 878 N.W.2d at 471–72.

However, upon our review of the sentencing order we note an additional issue. The court's oral pronouncement of sentence provided the "other financial obligations can be paid at a rate of $50 per month or through community service

---

[2] Iowa Code section 910.7 provides, in part:

> 1. At any time during the period of probation, parole, or incarceration, the offender or the office or individual who prepared the offender's restitution plan may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.
>
> 2. After a petition has been filed, the court, at any time prior to the expiration of the offender's sentence, provided the required notice has been given pursuant to subsection 3, may modify the plan of restitution or the restitution plan of payment, or both, and may extend the period of time for the completion of restitution.

as well. Mr. Kemmerling, you are not going to be in prison long and so when you are out, I will allow you to do community service to take care of your financial obligations." The written sentencing order did not provide for the financial obligations to be satisfied through community service or for the obligation to be delayed until Kemmerling is released from prison. The order only provided the obligation had to be met through monthly payments of not less than $50 per month with the first payment due thirty days from sentencing. "A rule of nearly universal application is that 'where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls.'" *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citation omitted). Thus, pursuant to the court's statements at the sentencing hearing, Kemmerling's financial obligations may be satisfied with community service at the time he is released from prison. As this case is being remanded for the entry of a corrected sentencing order on the cost issue, the sentencing order regarding restitution should also be corrected to reflect the oral pronouncement of sentence.

**SENTENCE VACATED IN PART AND REMANDED.**