# IN THE COURT OF APPEALS OF IOWA

No. 16-0187
Filed October 26, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORY ARDEN HURSEY,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.


Cory Hursey appeals from his conviction upon entry of a written guilty plea to operating while intoxicated, first offense. **AFFIRMED.**


John J. Sullivan of the Sullivan Law Office, and Shannon R. Michael of the Law Office of Shannon R. Michael, Oelwein (until withdrawal) for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Cory Hursey appeals from his conviction upon entry of a written guilty plea to operating while intoxicated, first offense, in violation of Iowa Code section 321J.2(2)(a) (2015). Hursey asserts (1) the guilty plea was not knowing and voluntary because he was not properly informed of the consequences of the plea and (2) the district court erred in ordering Hursey to pay restitution related to a dismissed charge.[1] We conclude Hursey was properly informed of the consequences of the guilty plea and the district court did not err in ordering Hursey to pay restitution. We therefore affirm.

**I. Background Facts and Proceedings.**

On October 20, 2015, Hursey was charged in count I with operating while intoxicated (OWI), first offense, and in count II with second-degree criminal mischief resulting from an incident that occurred on September 19, 2015. On that date, Hursey drove a golf cart while intoxicated, hitting a light pole and driving the golf cart into the golf course lake. When officers arrived on the scene, Hursey's clothing was soaking wet, he smelled of alcoholic beverage, his eyes were bloodshot, and he was slurring his words. While officers administered field sobriety tests, Hursey stated he was drunk multiple times. Hursey also provided a preliminary breath test, the results indicating his blood alcohol content was over the legal limit of .08.

Hursey filed a written guilty plea to OWI on December 29, 2015. Pursuant to the plea agreement, count II was dismissed. On December 30, 2015, the

---

[1] To the extent Hursey also asserts counsel was ineffective in allowing Hursey to plead guilty to count II because there was no factual basis for the crime, we note Hursey did not plead guilty to count II and, therefore, we will not address this argument.

district court accepted the plea and sentenced Hursey to fifteen days in jail with credit for time served and ordered him to pay a fine of $1250.00 plus surcharges. Hursey now appeals.

## II. Standard of Review.

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). "We review the district court's restitution order for errors of law." *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).

## III. Analysis.

Hursey first contends his guilty plea was not knowing and voluntary because he was not adequately informed of the consequences of the plea. The State argues Hursey did not file a motion in arrest of judgment to preserve the challenge to the guilty plea on appeal as required by Iowa Rule of Criminal Procedure 2.24(3)(a) and has, therefore, waived the challenge. However, Hursey contends his challenge on appeal is not barred because the district court did not advise Hursey that the failure to file a motion in arrest of judgment would preclude his right to challenge the guilty plea on appeal. *See* Iowa R. Crim. P. 2.8(2)(d). Hursey's written guilty plea[2] provided, in relevant part:

> I am requesting that the Court accept my written plea of guilty and impose sentence in my absence. I understand that by following this

---

[2] We note an in-court colloquy was not required because
> [i]n *State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002), we determined that it was unnecessary in misdemeanor cases for the trial court to actually engage in an in-court colloquy with a defendant so as to personally inform the defendant of the motion in arrest of judgment requirements. Instead, we found a written waiver filed by a defendant that properly reflected knowledge of the requirements of rule 2.8(2)(d) was sufficient.

*State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004).

procedure I am giving up my right to raise any challenge to my guilty plea through a Motion in Arrest of Judgment pursuant to Rule 2.24(3) of the Iowa Rules of Criminal Procedure.

Rule 2.8(2)(d) requires the court to "ensure the defendant understands the necessity of filing a motion to challenge a guilty plea and the consequences of failing to do so." *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). "We employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d)." *Id.*

Hursey argues the language of the written plea did not substantially comply with rule 2.8(2)(d) because it did not indicate all avenues for challenging the guilty plea would be precluded and did not include the word "appeal." In *State v. Ball*, No. 15-1319, 2016 WL 169707, at *1 (Iowa Ct. App. April 27, 2016), this court addressed a challenge to a guilty plea containing identical language. In *Ball*, the written guilty plea provided, "I understand that by following this procedure I am giving up my right to raise any challenge to my guilty plea through a Motion in Arrest of Judgment pursuant to Rule 2.24(3) of the Iowa Rules of Criminal Procedure." 2016 WL 1697071, at *1. This court held the written guilty plea did not substantially comply with rule 2.8(2)(d) because it "did not inform [the defendant] that the failure to file a motion in arrest of judgment would preclude his right to appeal" and did "not mention the word 'appeal' at all." *Id.* For the same reasons, we hold Hursey's written guilty plea does not substantially comply with rule 2.8(2)(d), and Hursey is not precluded from challenging the guilty plea on appeal.

Turning to the merits, Hursey asserts his guilty plea was not knowing and voluntary because he was not adequately informed of the mandatory minimum jail time and fine, and mandatory surcharges.

Iowa Rule of Criminal Procedure 2.8(2)(b)(2) requires the court to determine the defendant understands "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." "As with rule 2.8(2)(d), we utilize a substantial compliance standard to determine whether a plea crosses the rule 2.8(2)(b)(2) threshold." *Fisher*, 877 N.W.2d at 682.

As to the minimum jail time and fine, the plea provided: "I understand that the maximum sentence for the above charge is: 1 year in jail with a fine of $1250.00 with a minimum of 2 days in jail and/or a fine of $1250.00." Hursey contends the "and/or" language implies either a jail sentence for two days or a fine of $1250.00 may be imposed, and does not convey that both are mandatory.[3] However, the plea also provided: "I understand my plea negotiations to be: . . . Receive 15 days in Jail with credit for 15 days' time served, . . . . Pay a fine of $1250.00 . . ." Thus, Hursey agreed to serve a jail sentence greater than the minimum punishment and to pay the minimum fine amount of $1250.00. We conclude the plea agreement adequately informed Hursey of the mandatory minimum punishment and fine and, therefore, substantially complied with rule 2.8(2)(b)(2). *See id.* at 686 n.6 ("Fisher also argues that his guilty plea was defective because he was not informed of the

---

[3] *See* Iowa Code § 321J.2(3)(a) and (c) (providing a first offense is punishable by "[a] minimum period of imprisonment in the county jail of forty-eight hours" and an "[a]ssessment of a fine of one thousand two hundred fifty dollars").

mandatory minimum of two days in jail. We note, however, that in his plea agreement, Fisher agreed to two days in jail.").

With regard to the mandatory surcharges, the guilty plea provided: "I understand my plea negotiations to be: . . . Pay a fine of $1250.00 + 35% surcharge + Court Costs + $10 DARE surcharge." The supreme court has held surcharges and fines, such as the ones in question here, are punitive and thus must be disclosed in advance of the plea. *Id.* at 685-86. However, Hursey's written plea recited that he understood the plea agreement required that he pay the 35% surcharge and $10 DARE surcharge. The written guilty plea substantially complied with rule 2.8(2)(b)(2) in this regard.

Hursey also contends the district court erred in entering an illegal sentence by ordering Hursey to pay restitution on a dismissed charge. Pursuant to the plea agreement, Hursey agreed "to pay victim restitution in exchange for the State dismissing count 2 at defendant[']s cost." The district court's December 30, 2015 order stated, "Victim restitution to be paid on Count II." The restitution in question is for pecuniary damages on a claim by the owners of the golf course for $200 in damage to the light pole. Hursey argues the court was not authorized to order Hursey to pay restitution on a count that was dismissed.

A sentencing court is required to order restitution pursuant to Iowa Code section 910.2.[4] *State v. Moore*, 500 N.W.2d 75, 76 (Iowa 1993). "There must be a causal relationship between the damages the victim suffers and the conduct for which the defendant is ultimately convicted." *State v. Hagen*, 840 N.W.2d 140,

---

[4] "In all criminal cases in which there is a plea of guilty, . . . upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities, . . . ." Iowa Code § 910.2.

147 (Iowa 2013); *see also State v. D'Amico*, No. 05-1250, 2006 WL 2059306, at *2 (Iowa Ct. App. July 26, 2006) ("For a district court to order restitution, it must find proximate causation between the defendant's activities and the victim's damages. We will not find a restitution order excessive if it bears a reasonable relationship, as shown by a preponderance of the evidence, to damages caused by the defendant's acts." (citations omitted)).

We acknowledge "*where the plea agreement is silent* regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan." *Petrie*, 478 N.W.2d at 622 (emphasis added); *see also State v. Johnson*, No. 15-2101, 2016 WL 4802916, at *2 (Iowa Ct. App. Sept. 14, 2016) ("Unless a plea agreement provides for the recovery of costs associated with dismissed charges, only those costs associated with the charges on which a conviction is obtained may be recoverable; where a plea agreement is silent on costs, no costs are recoverable for dismissed charges."). However, the court in *Petrie* also stated, "We stress that nothing in this opinion prevents the parties to a plea agreement from making a provision covering the payment of costs and fees." 478 N.W.2d at 622.

In this case, the plea agreement was not silent as to the payment of restitution. Hursey agreed in the guilty plea to pay victim restitution in exchange for the dismissal of count II. Additionally, although Hursey contends there is no factual basis for the criminal mischief charge, the order for restitution must only be premised upon the finding of a causal relationship between the conduct for which the defendant is convicted and the damages suffered by the victims. Here,

Hursey does not dispute he caused damage when he hit the light pole while driving a golf cart in an intoxicated state. Hursey's OWI conduct was clearly causally related to the damage.

Moreover, we agree with the State that Hursey is judicially estopped from raising the issue. Hursey agreed to pay restitution and court costs associated with count II to gain the dismissal of the count. His argument that he should not now have to pay the restitution is inconsistent with his promise to pay. *See State v. Duncan*, 710 N.W.2d 34, 43-44 (Iowa 2006) (providing a party with knowledge of the facts is precluded from taking inconsistent positions in judicial proceedings to the prejudice of the adverse party). Here, as set forth in his written guilty plea, Hursey knew he could take his case to a jury trial, and he waived that right and accepted the plea bargain.

Even if we disregard Hursey's inconsistent positions, it is not illegal to require a defendant to pay the court costs of a dismissed count if the plea agreement so provides. *Petrie*, 478 N.W.2d at 622. We know of no authority— nor has the defendant provided any—providing it is illegal to require a defendant to pay restitution for a dismissed count if the defendant has agreed to pay it as a part of a plea agreement, or that we must find a factual basis for the dismissed charge. The court did not err in ordering restitution for pecuniary damages.

**IV. Conclusion.**

Because we conclude Hursey's guilty plea was voluntary and knowing and the district court did not err in ordering Hursey to pay restitution for pecuniary damages, we affirm.

**AFFIRMED.**