# IN THE COURT OF APPEALS OF IOWA

No. 17-1376
Filed July 18, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WYATT K. SLINKER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Wyatt Slinker appeals his sentence following his guilty plea to involuntary manslaughter. **SENTENCE AFFIRMED IN PART AND VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A man claimed Wyatt Slinker owed him money. Slinker told the man to get out of his face, swung at him, and hit him. The man fell to the ground and eventually died.

The State charged Slinker with involuntary manslaughter and assault causing serious injury. *See* Iowa Code §§ 707.5(1)(a), 708.2(4) (2017). Slinker pled guilty to involuntary manslaughter, and the State dismissed the assault charge. The district court adjudged Slinker guilty and sentenced him to prison for a term not exceeding five years. The court taxed costs to Slinker.

On appeal, Slinker contends (1) the district court considered improper sentencing factors, (2) his attorney was ineffective in failing to object to victim impact statements from the victim's uncles, and (3) the district court improperly assessed costs against him on the dismissed charge.

*I.* "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The sentencing decision "enjoys a strong presumption in its favor." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses." *Id.*

Slinker argues the district court considered several unproven charges: (a) "multiple Disorderly Conduct convictions, when in reality the PSI established multiple Disorderly Conduct *arrests* but only one Disorderly Conduct *conviction*,"

(b) "a 2016 sentencing for two 'assaults' against 'two separate individuals,' when in reality the PSI revealed a 2016 *arrest* for two assaults against two separate individuals but listed only one of those assault arrests as resulting in a *conviction*," and (c) his placement "on probation . . . a 'third time' prior to the commission of the instant offense when, in reality, the PSI established that [he] had been placed on probation only *two times* prior to the instant offense."

The PSI report contained two listings for disorderly conduct: (1) "2/7/2012, PD, Marshalltown, IA Disorderly Conduct—Abusive Epithets/Threat Gesture, SMCRO79915 3/13/2012, fine" and (2) "1/17/2015, SO, Tama County, IA Disorderly Conduct—Loud or Raucous Noise, SMSM011774." The district court referred to "a couple of disorderly conduct convictions," notwithstanding the absence of a disposition line next to the second listing. However, at the sentencing hearing, the prosecutor stated Slinker had "a disorderly conduct conviction in 2012 and in 2015." Slinker failed to object to or correct this assertion. Under these circumstances, the court could have reasonably relied on the prosecutor's representation.

Context was also key. The court referred to the disorderly conduct convictions during a general discussion of Slinker's lengthy criminal history. The reference was analogous to the court's mention of "additional crimes" in *Jose*. *See id.* at 43 ("When considered in context with the remainder of the court's explanation for imposing sentence, the reference to 'additional crimes' is not an 'affirmative showing' that the court considered unproven charges."). We conclude Slinker failed to make "an affirmative showing that the sentencing court relied on unproven charges in sentencing" him. *See id.* at 41; *see also State v. Johnson*, No. 15-1853,

2016 WL 4803967, at *2 (Iowa Ct. App. Sept. 14, 2016) (noting PSI listed seventeen arrests and only twelve convictions but court "did not indicate any reliance on the seventeen arrests"); *State v. Hildebrandt*, No. 01-1581, 2003 WL 118251, at *2 (Iowa Ct. App. Jan. 15, 2003) (court relied on defendant's "extensive criminal history" and defendant "simply has not affirmatively shown that the sentencing court relied upon unprosecuted or unproven offenses in imposing sentence, whether based on criminal history data showing charges with no disposition after eighteen months or other unproven offenses"); *State v. Wilson*, No. 00-0609, 2001 WL 427404, at *2 (Iowa Ct. App. Apr. 27, 2001) (rejecting assertion that "the court's consideration of the plea agreement necessarily denotes consideration of charges for which no conviction resulted").

The same holds true for the assault convictions and probation sentences. The record establishes Slinker was convicted of two separate assault counts stemming from a single arrest, and he was sentenced to three prior periods of probation. The court did not rely on unproven offenses in sentencing Slinker.

***II.*** Iowa Code section 915.21 allows crime victims to present victim impact statements at or before sentencing. The term "victim" includes "the immediate family members of a victim who died or was rendered incompetent as a result of the offense." Iowa Code § 915.10(3). Immediate family members are spouses, parents, children, grandparents, grandchildren, sisters, and brothers; they are not uncles, aunts, nephews, nieces, and great-grandparents. *State v. Sumpter*, 438 N.W.2d 6, 8 (Iowa 1989).

Slinker contends his attorney was ineffective in failing to object to the victim impact statements presented by two of the victim's uncles. *See Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984) (requiring defendants claiming ineffective assistance to show (1) deficient performance and (2) prejudice). The State concedes, "[T]he victim's uncles were not statutorily eligible to give victim impact statements" but argues Slinker has failed to show prejudice. *See State v. Tesch*, 704 N.W.2d 440, 450 (Iowa 2005) ("An inability to prove 'either the duty or prejudice prongs defeats the claim of ineffective assistance of counsel.'" (citation omitted)). To establish prejudice, Slinker must show "a reasonable probability" of a different outcome. *See Strickland*, 466 U.S. at 694. On our de novo review, we agree with the State that Slinker cannot satisfy this standard.

One or more of the victim's immediate family members stated (1) the fight was over a twenty-dollar bill, (2) Slinker showed no remorse, (3) the victim, like Slinker, had disabilities, (4) the victim's father was killed by a drunk driver, (5) the victim's father suffered some of the same injuries and died under similar circumstances as the victim, and (6) the victim's mother lost her sole source of help. The uncles stated (1) the fight was over a twenty-dollar bill, (2) Slinker showed no remorse, (3) the victim had a learning disability, (4) the victim's father was killed by a drunk driver, (5) the victim's father suffered some of the same injuries and died under similar circumstances as the victim, and (6) the victim's mother lost her helper. The uncles' statements did not tell "the court anything that it did not already know." *See Tesch*, 704 N.W.2d at 453; *State v. Blythe*, No. 08-1466, 2009 WL 1219055, at *2 (Iowa Ct. App. May 6, 2009) (finding no prejudice where "the impact statements 'told the judge little, if anything, that was not already apparent'" (citation omitted)). Because their statements were cumulative, we conclude Slinker's attorney was not ineffective in failing to object.

***III.*** "[O]nly such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan," unless the plea agreement provides otherwise. *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). "A defendant may be assessed costs clearly attributable to the charges on which the defendant is convicted but may not be assessed costs clearly attributable to dismissed charges." *State v. Johnson*, 887 N.W.2d 178, 181 (Iowa Ct. App. 2016). "Fees and costs not clearly associated with any single charge should be assessed proportionally against the defendant." *Id.* at 181-82 (quoting *Petrie*, 478 N.W.2d at 622).

Slinker contends the district court improperly taxed him with costs on the dismissed assault charge. The State concedes, "[T]he district court's written judgment purported to tax costs for the dismissed charge" but argues Slinker failed to establish he was over-assessed.

We agree Slinker was assessed costs on the dismissed charge. Our conclusion is bolstered by the court's separate assessment of costs on the manslaughter charge. Although the State cogently argues the costs listed in the record are all attributable to the manslaughter charge, our precedent requires us to vacate that portion of the sentence and remand for a corrected sentencing order. *See State v. Brown*, 905 N.W.2d 846, 857 (Iowa 2018); *Johnson*, 887 N.W.2d at 182-83.

**SENTENCE AFFIRMED IN PART AND VACATED IN PART AND REMANDED.**