# IN THE COURT OF APPEALS OF IOWA

No. 17-1187
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIEL HAYWOOD,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

        Daniel Haywood appeals from the sentence imposing court costs related to dismissed charges.  **AFFIRMED.**

        Leah Patton, Walcott, until withdrawal, and then Michael K. Williams, Hinton, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., McDonald, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**DANILSON, Chief Judge.**

Daniel Haywood entered a guilty plea to three of five counts of forgery, in violation of Iowa Code section 715A.2(2)(A) (2017); the remaining two counts were dismissed. He challenges as illegal the sentence imposing court costs related to the dismissed charges.

The State recited the plea agreement as follows:

> [PROSECUTOR] MS. WAGNER: . . . It's my understanding that he's supposed to plead to Counts V, VI, and VII forgeries, to have five years imposed, but that the counts run concurrent to each other and concurrent to parole. The note from Ms. Sullivan did state that she wanted him to plead to three of the five counts, and I do see seven. I don't know if two were previously discussed or dismissed prior to the court date.
>
> THE COURT: There have not been any counts dismissed. Some of the counts in the trial information pertain to the other defendants.
>
> MS. WAGNER: . . . [Y]es, that is my understanding, then, to Counts V, VI, and VII, with the $750 suspended fine, a five-year prison term, and that the counts run concurrent to each other and concurrent to the parole, and to pay any victim restitution.
>
> THE COURT: And is the restitution for the dismissed counts as well?
>
> MS. WAGNER: That is, Your Honor.
>
> THE COURT: And Mr. Haywood, is that your understanding of the terms of the plea agreement?
>
> THE DEFENDANT: Yes.

The district court accepted the pleas, adjudged Haywood guilty of three counts of forgery, and imposed the following sentences:

> Pursuant to Iowa Code Sections 901.5, 902.9, and 715A.2(2)(a), you are sentenced for each count to serve a term of not to exceed five years in prison. For each count you are fined $750 plus 35 percent surcharge. For each count you are assessed a $125 law enforcement initiative surcharge. The $750 fine plus 35 percent surcharge for each count is suspended. The terms of incarceration are not.
>
> In addition to these amounts, *you're ordered to pay victim restitution for these counts and the other counts that were dismissed, pursuant to the plea agreement. You're ordered to pay restitution for*

*court costs,* and we'll address court-appointed attorney fees in a moment. These sentences are concurrent with each other and concurrent with your parole cases SRCR185637, FECR122081, and FECR106243.

. . . .

THE COURT: Do you know how much restitution will be required for your [attorney] services?

[DEFENSE COUNSEL]: I don't think it will be a whole lot, Your Honor. I guess we would ask the court to make a finding that Mr. Haywood's not able to pay those, given the fact that he is going to be incarcerated and will owe, I think, roughly $4,000 in restitution as well.

THE COURT: All right. I will make that finding as requested by defense counsel for that reason. I think that victim restitution would have a priority, and Mr. Haywood likely has other amounts that are still owed in his other cases as well.

(Emphasis added.) The court dismissed the two additional counts.

Haywood appeals, claiming the order that he pay court costs constitutes an illegal sentence.

"[W]e review a defendant's sentence for the correction of errors at law." *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

"Criminal restitution is a creature of statute." *State v. Watson*, 795 N.W.2d 94, 95 (Iowa Ct. App. 2011). Iowa Code section 910.2(1) requires the sentencing court to order a defendant who pleads guilty to make restitution. Restitution includes payment of court costs. *See* Iowa Code § 910.1(4). However, our supreme court has held a defendant cannot be held liable for court costs on dismissed charges unless, as part of the plea agreement, the defendant has agreed to pay them. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). In *Petrie*, the court noted that "where the plea agreement is *silent* regarding the payment of fees and costs, . . . only such fees and costs attributable to the charge

on which a criminal defendant is convicted should be recoverable under a restitution plan." *Id.* (emphasis added).

Haywood contends that "[a]lthough the plea agreement specifically called for [Haywood] to pay restitution on all counts, including the counts that were dismissed, the plea agreement was noticeably silent on who would pay for the court costs on the dismissed counts." As noted above, restitution includes payment of court costs. The plea agreement was not silent in this case. While the district court specified certain fines and surcharges were suspended, the plea agreement specifically provided for Haywood to pay restitution for the dismissed counts. *See Petrie*, 478 N.W.2d at 622 ("[N]othing in this opinion prevents the parties to a plea agreement from making a provision covering the payment of costs and fees."). If court costs on the dismissed counts were not intended to be part of "restitution" under the terms of the plea agreement, the district court should have been so informed.

Even assuming the plea agreement did not include payment of all court costs, Haywood fails to demonstrate he was assessed any costs not attributable to his convictions. *See State v. Johnson*, 887 N.W.2d 178, 182 (Iowa Ct. App. 2016) ("In this illegal sentence claim, it is up to [the defendant] to establish an over-assessment of court costs."). This case is unlike *Petrie* in which attorney fees and court costs for the suppression hearing were clearly attributable to the dismissed drug counts and not the driving-while-barred count to which the defendant pled guilty. *See Petrie*, 478 N.W.2d at 621-22. Haywood pled guilty to three of five fraud charges. And the case is not like *Johnson*, where the plea agreement specified court costs would be assessed for only the two counts to which the

defendant pled guilty. 887 N.W.2d at 182. Haywood does not prove that any of these fees would have been different if the State had not charged him with the two dismissed fraud charges.[1] *See id.* Finding no legal error, we affirm.

**AFFIRMED.**

Mahan, S.J., concurs; McDonald, J., concurs specially.

---

[1] Haywood may challenge the plan of restitution pursuant to Iowa Code section 910.7, which allows an offender to challenge restitution "at any time during probation, parole, or incarceration."

**MCDONALD, Judge** (concurring specially)

I respectfully concur in the judgment. I disagree with the majority's conclusion the parties' plea agreement encompassed the assessment of court costs related to dismissed counts in the trial information. The plea agreement related only to "victim restitution" for dismissed counts and not "restitution," including court costs, generally. Regardless, I agree the defendant's sentence is not illegal. The defendant failed to prove he was assessed any costs not attributable to his convictions. *See State v. Johnson*, 887 N.W.2d 178, 182 (Iowa Ct. App. 2016). Also, the relevant sentencing statute does not prohibit the district court from ordering the defendant to pay court costs associated with dismissed counts in a multi-count trial information, although I acknowledge there is precedent to the contrary. *Compare State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (prohibiting the assessment of costs associated with dismissed charges in a multicount trial information unless the plea agreement so provides), *with State v. Ruth*, No. 17-0270, 2017 WL 4317329, at *1 (Iowa Ct. App. Sept. 27, 2017) ("The legal justification for the rule has been called into doubt."), *and State v. Smith*, No. 15-2194, 2017 WL 108309, at *4–5 (Iowa Ct. App. Jan. 11, 2017) (noting the relevant statutes allow the assessment of costs for dismissed charges in a multi-count trial information, noting *Petrie* is internally inconsistent, and noting the rule provides little benefit to the criminal defendant).