# IN THE COURT OF APPEALS OF IOWA

No. 17-0233
Filed February 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL JOHN OPPERUD,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Bremer County, Chris Foy, Judge.


        A defendant appeals an order denying his application to eliminate his remaining restitution obligation following his conviction for first-degree theft. **AFFIRMED.**


        Richard N. Tompkins, Jr., Mason City, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., Mullins, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**TABOR, Presiding Judge.**

In 2014, Michael Opperud agreed to pay fifty dollars per month toward his restitution obligation of $18,501.85 arising from his first-degree theft conviction. Two years later, facing serious health issues and unemployment, Opperud urged the district court to find he did not have the ability to pay the remaining balance of $17,450.32. After an evidentiary hearing, the district court found it had "no authority" to grant the relief sought by Opperud.[1]

On appeal, Opperud claims the district court erred by not determining "his ability to pay and adjusting the order to pay accordingly." But Opperud did not ask the district court to determine his ability to pay certain categories of restitution under Iowa Code section 910.2(1) (2016). He asked the court to "waive the balance of the restitution" because he was "unable to pay the same." The district court properly determined that request was outside its authority. Finding no abuse of discretion in the court's handling of Opperud's specific demand, we affirm.

I.      **Facts and Prior Proceedings**

In September 2013, Opperud pleaded guilty to theft in the first degree, a class "C" felony.[2] In January 2014, the district court sentenced him to incarceration of no more than ten years and a fine of $1000 but suspended both. The court also ordered to him pay victim restitution totaling $18,375.85, court costs of $180.00, and a $125.00 law-enforcement-initiative surcharge.

---

[1] Opperud's counsel also asked the court to discharge his client from probation. The district court entered an order granting Opperud a final discharge from probation noting, "[A]ny unpaid financial obligations imposed on Defendant under the judgment and sentence in this case remain due and owing and shall be paid by Defendant when and as he is reasonably able to do so."

[2] He admitted fraudulently writing himself checks from his elderly employer's bank account.

In November 2016, Opperud applied to modify his restitution. He asserted he suffered from several health issues including kidney disease, gallbladder surgery, and a diagnosis of stomach cancer. He was unable to work and relied on disability benefits. He offered a single exhibit—his recent bank statements showing monthly deposits of $490.00 from the Social Security Administration. Opperud argued because he was "now unable financially to complete the restitution payments due to his health conditions," the court should "determine that the defendant does not have the ability to pay the balance of the restitution, costs and attorney fees." Opperud further requested "the Court order that he should not be required to pay any more restitution, costs or attorney fees."

Following a hearing under Iowa Code section 910.7, the district court denied the application. The court believed Opperud's health was declining, he was not working, and his only income came from disability benefits. But, the court concluded it had "no authority to grant [Opperud] the relief he seeks." The court reasoned,

> [A] sentencing court must order the defendant to make full restitution to the victim . . . . Defendant presented no evidence to show that the amount of restitution he was ordered to pay in this case was incorrect or exceeded the loss that [the victim] sustained as a result of his crime. Regardless of his present ability (or inability) to pay, the express terms of section 910.2 require that the court order Defendant to make full restitution to his victim.

On the same day as the restitution order, the court discharged Opperud from probation.[3] Opperud appeals.

---

[3] By the time of the restitution hearing, the theft victim had died. In its order discharging Opperud from probation, the district court specified how the beneficiaries of the victim's estate would divide the remaining balance of the restitution. The order also entered

## II.    Scope and Standards of Review

The interpretation of restitution statutes is a legal question; so our review is for legal errors. *State v. Blakley*, 534 N.W.2d 645, 647 (Iowa 1995). We review rulings on requests to modify a restitution order for an abuse of discretion. *State v. Van Hoff*, 415 N.W.2d 647, 649 (Iowa 1987). As the party seeking to upset the restitution order, Opperud bears the burden of demonstrating the district abused its discretion. *See id.* at 648.

## III.    Analysis

Several statutes are at play in this appeal. Iowa Code section 910.2 requires the district court to impose restitution in all cases of criminal conviction. The court may order victim restitution, fines, penalties, and surcharges without regard to the defendant's ability to pay. Iowa Code § 910.2(1). But, for other categories of restitution, the court must consider the offender's reasonable ability to pay. *See id.* Those latter categories include restitution for court costs and court-appointed attorney fees. *Id.* Iowa Code section 910.7 permits the defendant, "[a]t any time during the period of probation, parole, or incarceration"[4] to "petition the court on any matter related to the plan of restitution or restitution plan of payment." The court may then "modify the plan of restitution or the plan of payment, or both, and may extend the period of time for the completion of restitution." *Id.* § 910.7.

On appeal, Opperud contends the district court abused its discretion in concluding the amount of restitution should stand without determining whether he

---

judgment against Opperud for the original $125.00 law-enforcement-initiative surcharge and $765.60 for "other unpaid costs of this case."

[4] Opperud was on probation in November 2016 when he filed his petition for modification.

had the reasonable ability to pay. The State responds Opperud is limited to the argument he advanced in the district court—the argument he should be relieved of the obligation to pay restitution entirely.

We agree with the State's position. In his written application, Opperud asked the district court to "order that he should not be required to pay any more restitution, costs, or attorney fees." At the hearing, Opperud asked the court to "waive the balance of the restitution." Opperud did not ask the district court to consider his reasonable ability to pay less than the remaining balance under section 910.2(1).

Even if Opperud had made that direct request, his alleged inability to afford the payments given his declining health would have only been relevant to the outstanding restitution for court costs and attorney fees—which appears to total $765.60.[5] *See State v. Johnson*, 887 N.W.2d 178, 184 (Iowa Ct. App. 2016) (noting determination of whether offender is reasonably able to pay court costs and attorney fees is "constitutional safeguard" and required under Iowa Code section 910.2). The vast majority of the restitution Opperud owed was to the victim of his theft offense. "[R]estitution ordered to the victim is made without regard to the defendant's ability to pay." *Id.* The district court correctly decided it lacked the authority to eliminate that obligation. *See State v. Harrison*, 351 N.W.2d 526, 528 (Iowa 1984) (explaining section 910.2 "unconditionally requires the sentencing

---

[5] And even for that more limited amount, the focus would be on Opperud's ability to pay the current installment of fifty dollars per month, not whether he can pay the entire outstanding debt. *See State v. Wagner,* 484 N.W.2d 212, 219 (Iowa Ct. App. 1992) (noting defendant's "meager" earnings in prison). Opperud did not offer evidence at the hearing to show his living expenses exceeded his ability to make monthly payments toward his court debt.

court to order offenders to make restitution to their victims, and it makes full payment to the victim a condition precedent to payment to the county for court costs and attorney fees"). Because Opperud did not attempt to unbundle the $765.60 due for court costs and attorney fees from the victim restitution, we find no abuse of discretion in the court's denial of his general request to eliminate his restitution obligation.

**AFFIRMED.**